PRESENT:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Whiting, Senior Justice

COMMONWEALTH OF VIRGINIA

OPINION BY

v.  Record No. 991786        SENIOR JUSTICE HENRY H. WHITING
                                     June 9, 2000

JON DOUGLAS ALEXANDER


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we decide whether a deadly weapon may be
brandished in defense of personal property.

Jon Douglas Alexander was charged with attempted murder in
Rockbridge County.  At a preliminary hearing on that charge, the
general district court reduced the charge to that of brandishing
a firearm in violation of Code § 18.2-282 and convicted
defendant Alexander of that charge.[1]

The defendant appealed his conviction to the circuit court.
In a jury trial, the defendant tendered, but the court refused
to grant, instructions advising the jury that if it found the
defendant had brandished the firearm because he reasonably felt
that it was necessary to protect his personal property from

---

[1] As pertinent here, Code §18.2-282 provides:

A.  It shall be unlawful for any person to point, hold or
brandish any firearm, as hereinafter described, or any object
similar in appearance to a firearm, whether capable of being
fired or not, in such manner as to reasonably induce fear in the
mind of another or hold a firearm in a public place in such a
manner as to reasonably induce fear in the mind of another of
being shot or injured.

loss, the jury could find him not guilty.  The jury found the defendant guilty of the crime charged and the circuit court entered judgment on the verdict.

Upon the defendant's appeal, the Court of Appeals of Virginia held that the trial court had erred in refusing the tendered instructions, and it reversed and remanded the case. Alexander v. Commonwealth, 28 Va. App. 771, 780, 508 S.E.2d 912, 916; 30 Va. App. 152, 153, 515 S.E.2d 808, 808 (1999)(en banc). We granted the Commonwealth an appeal from that judgment.

The facts are recited in an agreed statement.  In accordance with familiar appellate principles, we will view those facts in the light most favorable to the proponent of the refused instruction, the defendant in this case.  Blondel v. Hays, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991).

Michael T. Eustler, an agent of the lienholder of the defendant's vehicle, sought to repossess the vehicle.  When Eustler arrived at the defendant's home, the defendant agreed to its repossession provided he could remove certain papers and tools valuable to him and having nothing to do with the vehicle being repossessed.  Although Eustler agreed to permit the defendant to retrieve the items, Eustler "jacked up" the vehicle as the defendant was partially in the front seat.  Eustler approached the defendant in a belligerent manner, and demanded the keys to the vehicle.

2

Feeling threatened, the defendant entered his house and emerged with the keys as well as an unloaded rifle which he placed in a flower bed that was close to the vehicle. When Eustler again approached in a belligerent manner, the defendant retrieved the rifle and held it at his side. The defendant felt compelled to raise the rifle to his shoulder when he thought that Eustler was going to assault him. However, the defendant did not point the gun at Eustler until Eustler kept coming at him, at which time, Eustler "finally backed off." Eustler later called the police.

Although the trial court instructed the jury to find the defendant not guilty if it found that he brandished the rifle in reasonable defense of his person, the court refused to include a similar provision in the instructions if the jury believed that the defendant brandished the rifle in reasonable defense of his property. The Court of Appeals agreed with the defendant's contention that he was entitled to the refused jury instruction.

We need not resolve the defendant's claim that Eustler's actions were "unwarranted and illegal . . . in attempting, by other than peaceful means, to unlawfully take [defendant's] personal property." Even if Eutsler's actions were unwarranted or illegal, the defendant, as an owner of personal property, did not have the right to assert or defend his possessory rights thereto by the use of deadly force. In <u>Montgomery v.</u>

3

<u>Commonwealth</u>, 98 Va. 840, 842-43, 36 S.E. 371, 372 (1900), we said:

> The law is clearly stated by a learned judge in <u>State v. Morgan</u>, 3 Ired. 186, 38 Am. Dec. 714, as follows:  "When it is said that a man may rightfully use as much force as is necessary for the protection of his person and property, it should be recollected that this rule is subject to this most important modification, that he shall not, except in extreme cases, endanger human life or do great bodily harm. It is not every right of person, and still less of property, that can lawfully be asserted, or every wrong that may rightfully be redressed by extreme remedies. There is a recklessness—a wanton disregard of humanity and social duty in taking or endeavoring to take, the life of a fellow-being, in order to save one's self from a comparatively slight wrong, which is essentially wicked, and the law abhors.  You may not kill, because you cannot otherwise effect your object, although the object sought to be effected is right.  You can only kill to save life or limb, or prevent a great crime, or to accomplish a necessary public duty."  See, also, 1 Bishop on New C. L., secs. 839, 841, 850.

However, the defendant contends, and the Court of Appeals held, that these principles do not apply when there is a mere threat to use deadly force in protection of personal property. We do not agree.

The threat to use deadly force by brandishing a deadly weapon has long been considered an assault.  <u>Harper v. Commonwealth</u>, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955).  In <u>Merritt v. Commonwealth</u>, 164 Va. 653, 658-59, 180 S.E. 395, 398 (1935), we said:

> Judge Moncure, in the *Hardy Case*, 17 Gratt. (58 Va.) 592, 600, [1867] quoted with approval from an old English case, thus:  "An assault is any attempt or offer with force or violence to do a corporeal hurt to another, whether from

4

malice or wantonness, as by striking at him in a threatening or insulting manner, or with such other circumstances as denote at the time an intention, coupled with a present ability, of actual violence against his person, as by pointing a weapon at him when he is within reach of it."

Such a threat may give the threatened person a right to defend himself by the use of a deadly weapon. McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978). Further, as the dissenting opinion of the Court of Appeals notes, "[p]ermitting one to threaten to use deadly force leads in dangerous progression to an unacceptable conclusion. Here, the victim would have been entitled to use deadly force to repel the perceived threat." 28 Va. App. at 780, 508 S.E.2d at 916 (Judge Bumgardner, dissenting); 30 Va. App. at 153, 515 S.E.2d at 808 (en banc) (Judge Bumgardner, with whom Chief Judge Fitzpatrick joins, dissenting).

Moreover, the owner of land has no right to assault a mere trespasser with a deadly weapon. Montgomery, 98 Va. at 844, 36 S.E. at 373. Indeed, in Montgomery, it was the landowner's brandishing of a sharpened corn-cutter that provoked the defendant's physical assertion of his right of self-defense. 98 Va. at 841-43, 36 S.E. at 372-73.

For these reasons, we agree with the trial court that a deadly weapon may not be brandished solely in defense of personal property. Therefore, we conclude that the Court of

5

Appeals erred in reversing the trial court's judgment. Accordingly, we will (1) reverse the judgment of the Court of Appeals, (2) enter final judgment here reinstating the sentencing order of the circuit court, and (3) remand the case to the Court of Appeals with directions to remand the case to the circuit court for the enforcement of the sentencing order.

Reversed and remanded.