*265 WILLIS, Judge.
Ronnie Antjuan Vaughn was convicted of unlawful wounding in violation of Code § 18.2-51. On appeal, Vaughn argues that the trial court erred in refusing to instruct the jury on the lesser-included offense of assault and battery. Finding the evidence sufficient to support the granting of the lesser-included offense instruction, we reverse.
I. BACKGROUND
On appeal, when we consider a trial court’s refusal to give a proffered instruction, “the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to [the proponent of the instruction, in this case, Vaughn].” Boone v. Commonwealth, 14 Va.App. 130, 131, 415 S.E.2d 250, 251 (1992) (citations omitted).
So viewed, the evidence discloses that the victim, Samuel Robinson, was married to Vaughn’s aunt, Tyra Vaughn Robinson (Tyra), with whom he lived at Vaughn’s grandmother’s house. Vaughn lived across the street. On April 12, 1997, Vaughn told Robinson that he had seen a man named “Mark” visiting Tyra at the grandmother’s house while Robinson was at work. Robinson became concerned because Tyra had an old boyfriend named Mark.
Robinson called Tyra and told her to come home because he wanted to talk to her. While Robinson was talking to Tyra on the telephone, Vaughn came from across the street. Vaughn was upset that Robinson had discussed the matter with Tyra, and the two men began arguing.
Vaughn and Robinson walked across the street to Vaughn’s house. Robinson testified that on the way across the street, Vaughn said “he’d get his four five and could take care of [Robinson].” Robinson understood that Vaughn was referring to a .45 caliber handgun and this angered Robinson further. The men continued to yell at each other as Vaughn stood on the front porch of his residence, approximately five feet away from Robinson, who remained on the sidewalk. Robinson *266 subsequently returned to the other side of the street, but the men continued to argue and exchange profanities.
Robinson and Vaughn were still arguing when Tyra returned home. Robinson stopped yelling at Vaughn. He and Tyra walked down the street where they reconciled their mutual concerns. Tyra testified that Robinson had calmed down by the time they returned to Vaughn’s grandmother’s house.
Tyra testified that as she and Robinson approached the grandmother’s house, she saw Vaughn coming from across the street and noticed that he had a gun. She called out, “Ronnie, no,” but Vaughn ignored her and said to Robinson, “what the f---you say now, what you say now.” Vaughn then began firing the gun at Robinson’s feet. Robinson was struck in the ankle with a bullet and fled. Vaughn followed for a short distance and fired at least one more shot, striking Robinson in the back. Vaughn then returned to his house.
Robinson was unarmed during the confrontation with Vaughn. He denied threatening or striking Vaughn.
Vaughn testified to a different version of the events. He testified that Robinson threatened to beat and kill him. He said that he called a friend to take him away from the scene, but the friend explained, upon arrival, that his car was full. Instead of giving Vaughn a ride, the friend gave him a handgun. Vaughn stated that shortly after his friend left, Robinson charged him. He testified that he fired at the ground in order to stop Robinson because of the disparity in their sizes[1] and the “lethal” nature of Robinson’s hands. Vaughn stated that he ultimately fired at waist level, but he denied intending to shoot Robinson.
The trial court instructed the jury on malicious wounding and on the lesser-included offense of unlawful wounding. It refused Vaughn’s request for an instruction on the lesser- *267 included offense of assault and battery. Vaughn was convicted of unlawful wounding.
II. ANALYSIS
Assault and battery is a lesser-ineluded offense of malicious wounding. See Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981). “ ‘If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error.’ ‘Such an instruction, however, must be supported by more than a mere scintilla of evidence.’ ” Brandau, v. Commonwealth, 16 Va.App. 408, 411, 430 S.E.2d 563, 564 (1993) (quoting Boone, 14 Va.App. at 132, 415 S.E.2d at 251). “[T]he weight of the credible evidence that will amount to more than a mere scintilla of evidence is a matter to be resolved on a case-by-case basis.” Id. at 412, 430 S.E.2d at 565.
A required element of both malicious and unlawful wounding is the “intent to maim, disfigure, disable, or kill” the victim. Code § 18.2-51. “An assault is any attempt or offer, with force or violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution.” 2A Michie’s Jurisprudence, Assault and Battery § 2 (1992); see Johnson v. Commonwealth, 13 Va.App. 515, 517, 412 S.E.2d 731, 732 (1992). “Battery is the actual infliction of corporal hurt on another ... willfully or in anger....” Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946). One cannot be convicted of assault and battery “without an intention to do bodily harm,” but an intent “to maim, disfigure, disable, or kill” is unnecessary to the offense. See Boone, 14 Va.App. at 133, 415 S.E.2d at 252 (citation omitted).
Vaughn testified that although he fired the gun, he did not intend to shoot Robinson. He argued that he merely shot at the ground in order to stop Robinson from hurting him. From his testimony, the jury could have found that Vaughn acted only with the intent to do Robinson bodily harm to deter *268 his attack, and not with the specific intent “to maim, disfigure, disable, or kill” him.
The Commonwealth argues that the deliberate use of a deadly weapon imports an inference of an “intent to maim, disfigure, disable, or kill.” However, while such evidence will support, it does not compel, such an inference. The bare use of a deadly weapon, without attendant circumstances suggesting an “intent to maim, disfigure, disable, or kill,” is insufficient to prove that intent as a matter of law.
Thus, evidence was before the jury that, if believed, supported an instruction on the lesser-included offense of assault and battery. The jury should have been instructed that unless Vaughn intended “to maim, disfigure, disable, or kill” Robinson, he could be found guilty only of the lesser-included offense of assault and battery.
Accordingly, we hold that the trial court erred in refusing to instruct the jury on the lesser-included offense of assault and battery. We reverse the judgment of the trial court and remand the case for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.

. Robinson is six feet, one inch tall and weighs three hundred pounds. Vaughn is five feet, three inches tall and weighs one hundred sixty pounds.