Present:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 010789     OPINION BY JUSTICE ELIZABETH B. LACY
                                January 11, 2002
RONNIE ANTJUAN VAUGHN

FROM THE COURT OF APPEALS OF VIRGINIA

Ronnie Antjuan Vaughn was indicted for the malicious wounding of Samuel Robinson in violation of Code § 18.2-51.  A jury in the Circuit Court for the City of Richmond convicted Vaughn of the lesser-included offense of unlawful wounding.  A divided panel of the Court of Appeals reversed the conviction and remanded the case for a new trial, finding that the trial court erred by refusing to grant Vaughn's request that the jury also be instructed on the lesser-included offense of assault and battery.  See Vaughn v. Commonwealth, 34 Va. App. 263, 540 S.E.2d 516 (2001).  Based on review of the record and the applicable legal principles, this Court will reverse the judgment of the Court of Appeals.

FACTS

When reviewing a trial court's refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction.  Blondel v. Hays, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991).  So viewed, the facts of this case are as follows.

On April 11, 1997, Robinson and Vaughn were "hanging out." Robinson had been drinking beer for some time. When Vaughn told Robinson that he had observed another man visiting with Robinson's wife while Robinson was out of town, Robinson became visibly upset. Robinson went to a house across the street and telephoned his wife, telling her to come home.

Vaughn came into the house and the two men began to argue. At one point during the argument, Vaughn attempted to place his hand on Robinson's arm in a conciliatory manner. Robinson, however, told Vaughn to "get off me," and rebuffed the gesture.

When the two men returned outside, they continued to argue and exchange profanities. Vaughn testified that, at one point, Robinson pushed Vaughn up against a wall and threatened to kill him and his family. In contrast, Robinson testified that Vaughn told him that "he'd get his four five [.45 caliber handgun] and he could take care of me."

Robinson and Vaughn separated when Robinson's wife arrived. Robinson walked off with his wife. Vaughn, afraid that Robinson would return and harm him, telephoned a friend to pick him up. When the friend arrived, his car was full, but he assured Vaughn that he would return to pick up Vaughn in ten minutes and gave Vaughn a gun to use "just in case."

2

According to Vaughn, as the car was departing, Robinson began running toward Vaughn. Although Vaughn told him to stop, Robinson continued to advance in Vaughn's direction. Vaughn testified that he was scared of Robinson because of the disparity in their sizes[1] and the "lethal" nature of Robinson's hands. Vaughn then fired several shots into the ground at Robinson's feet because he "was afraid for [his] life." Vaughn "kept squeezing the trigger" until there were no more bullets in the gun. When Robinson's foot was hit by one of the shots, Robinson turned and fled, jumping over a fence on the side of the property. Robinson testified that he heard one more shot being fired after he had begun to run away, although Vaughn denied shooting at Robinson as he was running away and no one saw Vaughn shooting at Robinson as he was running away. Robinson was wounded in the foot and in the lower back.

At trial, Vaughn denied that he intended to shoot Robinson, asserting instead that he was acting in self-defense and only fired at Robinson's feet to keep him back. The trial court instructed the jury on the charges of malicious wounding and the lesser-included offense of unlawful wounding. The court refused to give the jury instruction Vaughn proffered on

---

[1] Robinson is six feet, one inch tall, and he weighs approximately three hundred pounds. Vaughn is five feet,

the lesser-included offense of assault and battery.  Vaughn was convicted of unlawful wounding and was sentenced to five years in prison.  The Court of Appeals reversed the conviction and remanded the case for a new trial.  The Commonwealth appeals.

DISCUSSION

The sole issue before us is whether the Court of Appeals correctly concluded that the defendant was entitled to a jury instruction on assault and battery, a lesser-included offense of malicious and unlawful wounding.  Malicious and unlawful wounding requires that the accused has the specific intent to "maim, disfigure, disable or kill" the victim of the attack. Code § 18.2-51.  The offense of assault and battery requires that the accused

> attempt or offer with force or violence to do a corporal hurt to another . . . as by striking at him, or even holding up one's fist at him in a threatening or insulting manner, or pointing a weapon at him within reach . . . [and] the actual infliction of corporal hurt on another . . . wilfully or in anger, whether by the party's own hand, or by some means set in motion by him.

Jones v. Commonwealth, 184 Va. 679, 681-82, 36 S.E.2d 571, 572 (1946)(original emphases omitted).  We have held that the intent to put another in fear of bodily harm with a threat to use bodily force, such as brandishing a deadly weapon, is an

---

three inches tall and he weighs approximately one hundred-sixty pounds.

assault.  Commonwealth v. Alexander, 260 Va. 238, 241, 531 S.E.2d 567, 568 (2000); Burgess v. Commonwealth, 136 Va. 697, 706, 118 S.E. 273, 275 (1955).

There is no dispute that the evidence in this case was sufficient to support a finding that Vaughn intended to maim, disfigure, or disable Robinson.  Vaughan shot a gun aimed in Robinson's direction; he continued firing the gun until all shells were spent and continued pulling the trigger after the gun was empty; and Robinson was wounded by bullets from the gun, once in the foot or ankle and, in the course of turning and running from Vaughn, again in the back.  Although not undisputed, there was also credible evidence that the prior altercation between Vaughn and Robinson had ended and that Vaughn was the aggressor in the events that resulted in Robinson's injury.

As Vaughn argues, the evidence in this case also shows that he attempted, with force, to frighten Robinson and set in motion the means by which Robinson was ultimately hurt.  If this evidence alone was sufficient to support the lesser-included assault and battery instruction, such instruction would be required in every malicious or unlawful wounding case because every such case must include these underlying elements.  However, we have rejected the concept that a jury instruction on the lesser-included offense must always be

given.  Guss v. Commonwealth, 217 Va. 13, 14, 225 S.E.2d 196, 197 (1976).  If the evidence is sufficient to support "a conviction of the crime charged, and there is no independent evidence warranting a conviction [of the lesser-included offense], an instruction on the lesser-included offense need not be given."  Id.[2]  Here, where the evidence of unlawful or malicious wounding warrants a conviction, more than a scintilla of evidence must show that Vaughn did not intend to maim, disfigure, disable, or kill Robinson to support the lesser-included offense of assault and battery.

Intent, like any fact, may be shown by circumstances.  It is "a state of mind which may be proved by a person's conduct or by his statements."  Howard v. Commonwealth, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966).  In this case, neither Vaughn's conduct or statements provide circumstantial evidence that he did not intend to maim, disable, disfigure, or kill Robinson.

---

[2] We note that in the present case the trial court rejected the proffered instruction as a matter of law because a weapon was involved, relying on Jones v. Commonwealth, 184 Va. 679, 36 S.E.2d. 571 (1946).  But see Code § 18.2-54; Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981); Jackson v. Commonwealth, 218 Va. 490, 493, 237 S.E.2d 791, 793 (1977); Banner v. Commonwealth, 204 Va. 640, 641, 133 S.E.2d 305, 306 (1963); Williams v. Commonwealth, 153 Va. 987, 992, 151 S.E. 151, 152-53 (1930).  However, this appeal does not involve a review of the trial court's rationale for refusing the instruction.

Vaughn testified that he did not intend to shoot Robinson at all and shot only at the ground to stop Robinson from hurting him, but was unable to explain how Robinson was shot in the back. This uncontroverted fact is inconsistent with Vaughan's version of the facts and his claim that he only intended to make Robinson retreat. Without providing an alternative explanation for the resulting injury to Robinson's back, Vaughn has no evidence demonstrating that he did not intend to maim, disfigure, disable, or kill Robinson. A finding of assault and battery by the jury in these circumstances would require denying the uncontroverted physical evidence and accepting Vaughn's failure to explain what occurred as affirmative evidence of lesser intent. Thus, under these circumstances we find no evidence supporting the jury instruction requested by Vaughn.

Finally, the Court of Appeals concluded that the jury should have been instructed on the lesser-included offense because Vaughn's testimony would have allowed a jury to find that, by shooting at the ground, "Vaughn acted only with the intent to do Robinson bodily harm to deter his attack, and not with the specific intent 'to maim, disfigure, disable, or kill' him." Vaughn, 34 Va. App. 263, 267-68, 540 S.E.2d 516, 518 (2001). This conclusion is not based on affirmative evidence, but on the jury's ability to reject evidence that is

uncontroverted.  We have previously held that, although the jury's ability to reject evidence will support an acquittal, the ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction. Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998); LeVasseur v. Commonwealth, 225 Va. 564, 590, 304 S.E.2d 644, 658 (1983); Guss, 217 Va. at 15, 225 S.E.2d at 197.

Accordingly, in the absence of any evidence supporting a jury instruction on the lesser-included offense of assault and battery, we will reverse the judgment of the Court of Appeals and reinstate the trial court's judgment.

Reversed.