COURT OF APPEALS OF VIRGINIA

Present: Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


RALPH EUGENE TAYLOR

MEMORANDUM OPINION[*] BY
v.      Record No. 0753-09-3           JUDGE ELIZABETH A. McCLANAHAN
                                            MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Humes J. Franklin, Judge

John Gregory, Jr. (Mark Perdue; St. Clair & Perdue, on brief), for
appellant.

Richard B. Smith, Special Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Ralph Eugene Taylor appeals from his conviction for assault and battery and argues the trial

court erred in denying his proposed jury instructions on self-defense and duress. We affirm the

judgment of the trial court.

I. BACKGROUND

"When reviewing a trial court's refusal to give a proffered jury instruction, we view the

evidence in the light most favorable to the proponent of the instruction," in this case Taylor.

Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002) (citation omitted). See

also Commonwealth v. Cary, 271 Va. 87, 91, 623 S.E.2d 906, 907 (2006); Commonwealth v.

Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001); Commonwealth v. Alexander, 260 Va.

238, 240, 531 S.E.2d 567, 568 (2000). Taylor and his wife, Betina, were separated and both

subject to a mutual restraining order prohibiting contact between them except to exchange their

children at the sheriff's office. After their separation, Betina remained in their home in Henry

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

County and Taylor moved to Alleghany County to live with his brother. Both Taylor and Betina had access to a "camp" in Alleghany County on which a trailer and woodshed were located.[1] On the day of the assault, Taylor was at the camp drinking beer. At about 10:00 p.m., Betina and her boyfriend, Charles Wright, drove into the camp.[2] Wright got out of his vehicle and unlocked the gate to the camp, pulled his vehicle through the gate, and locked the gate back before pulling his vehicle in front of the camp. As Wright exited his vehicle, Taylor overheard Wright tell Betina to get him his gun because "if that [sob] comes through the gate, he's dead, this is posted property." Upon hearing this, Taylor grabbed a baseball bat and began beating Wright with the bat. Wright retrieved his gun and fired five gunshots over the top of Taylor's head (missing him) as Taylor ran away. Taylor was charged with aggravated malicious wounding and found guilty of assault and battery.

## II. ANALYSIS

Taylor contends the trial court erred in rejecting his proposed jury instructions on self-defense and duress.[3] "As a general rule, the matter of granting and denying instructions does rest in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). "[A]n instruction is proper only if supported by more than a

---

[1] Although Taylor contends on appeal he lived at the camp and "stayed with his brother on occasion," he testified at trial he moved to his brother's home in Alleghany County after the separation from Betina and "never moved out." Although Betina testified she owned the camp and Taylor was not allowed to be there, Taylor testified he was permitted to be at the camp and visited it regularly. We view the evidence in the light most favorable to Taylor. See Vaughn, 263 Va. at 33, 557 S.E.2d at 221.

[2] Considerable testimony was presented at trial on whether Taylor knew Betina and Wright were coming to the camp, whether Betina and Wright knew Taylor would be at the camp, and whether either Taylor or Betina were prohibited from being at the camp due to the mutual restraining order. We find resolution of these questions unnecessary to our holding.

[3] The question presented also asks whether Taylor's proposed instruction on right to arm should have been granted. The right to arm instruction would have told the jury "no inference of malice can be drawn from the fact that [Taylor] armed himself." Since the jury convicted Taylor of assault and battery, which does not require malice, then, as the appellant concedes, this issue is moot. See Mackall v. Commonwealth, 236 Va. 240, 257, 372 S.E.2d 759, 770 (1988).

scintilla of evidence." Sands, 262 Va. at 729, 553 S.E.2d at 736 (citing Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998)). "Although an instruction correctly states the law, if it is not applicable to the facts and circumstances of the case, it should not be given." Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978). "Thus, it is not error to refuse an instruction when there is no evidence to support it." Sands, 262 Va. at 729, 553 S.E.2d at 736; see also LeVasseur v. Commonwealth, 225 Va. 564, 590-92, 304 S.E.2d 644, 658-59 (1983).

## A. Self-Defense[4]

Self-defense is an affirmative defense, and in a making such a plea, the appellant admits the assault was intentional and carries the burden of producing evidence of "justification or

---

[4] Taylor proposed two jury instructions on self-defense. One instruction was on justifiable use of force, applicable if the jury found Taylor was without fault:

> If you believe that the defendant was without fault in provoking or bringing upon the difficulty, and that the defendant reasonably feared, under the circumstances as they appeared to him, that he was in danger of harm, then the defendant had the right to use such force as was reasonably necessary to protect himself from the threatened harm. If you further believe that the defendant used no more force than was reasonably necessary to protect himself from the threatened harm, then you should find the defendant not guilty.

The other self-defense instruction was on excusable use of force, applicable if the jury found Taylor was, at least in part, at fault:

> If you believe from the evidence that the defendant was to some degree at fault in provoking or bringing upon the difficulty, and if you further believe that when attacked:
>
> (1) He retreated as far as he safely could under the circumstances;
> (2) In a good faith attempt to abandon the fight; and
> (3) Made known his desire for peace by word or act; and
> (4) He reasonably feared, under the circumstances as they appeared to him, that he was in danger of bodily harm; and
> (5) He used no more force than was reasonably necessary to protect himself from the threatened harm, then you should find the defendant not guilty.

excuse that raises a reasonable doubt in the minds of the jurors." McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).

> Justifiable self-defense arises when the defendant is completely without fault. In such a case, the defendant need not retreat, but is permitted to stand his ground and repel the attack by [reasonable] force, including deadly force, if it is necessary. Excusable self-defense arises when the defendant, who was at some fault in precipitating the difficulty, abandons the fight and retreats as far as he safely can before he attempts to repel the attack.

Foote v. Commonwealth, 11 Va. App. 61, 67-68, 396 S.E.2d 851, 855 (1990) (citations omitted); see also Avent v. Commonwealth, 279 Va. 175, 199, 688 S.E.2d 244, ___ (2010); Yarborough v. Commonwealth, 217 Va. 971, 975, 234 S.E.2d 286, 290 (1977).

When claiming justifiable or excusable self-defense, the evidence must show "some overt act indicative of imminent danger at the time [of the assault]." Vlastaris v. Commonwealth, 164 Va. 647, 652, 178 S.E. 775, 776 (1935). "In other words, a defendant must *wait* till some overt act is done." Sands, 262 Va. at 729, 553 S.E.2d at 736 (citation and internal quotation marks omitted) (emphasis added). And imminent danger means "an immediate, real threat to one's safety." Id. (citation and internal quotation marks omitted). The "bare fear" of serious bodily injury or even death, however well grounded, will not justify an assault "by way of prevention." Vlastaris, 164 Va. at 651, 178 S.E. at 776. A plea of self-defense is a plea of necessity and, in determining whether a trial court should have instructed the jury on a plea of self-defense, the question is whether "the circumstances immediately surrounding the [assault], specifically, the actions of the [victim] *at that time* were sufficient to create a reasonable belief of an imminent danger which had to be met." Sands, 262 Va. at 730, 553 S.E.2d at 737 (emphasis added).

The trial court properly refused the instructions on self-defense because there was no evidence Wright committed an overt act indicative of immediate danger to justify or excuse

Taylor's assault.[5]  According to Taylor's own testimony, before Taylor began assaulting Wright, Wright did not display a gun or take any action against Taylor.  Wright neither spoke to Taylor nor acknowledged Taylor's presence before Taylor hit Wright.  Indeed, as Taylor admitted, Wright did not even know Taylor was there before Taylor began his assault.  Taylor testified he acted out of fear based on previous phone threats by Wright to "blow [Taylor's] brains out" and Wright's statement to Betina to get him his gun because "if that [sob] comes through the gate, he's dead."  However, "words alone, no matter how grievous or insulting, are never justification for assault by force or violence."  Harper v. Commonwealth, 196 Va. 723, 727, 85 S.E.2d 249, 252 (1955); see Vlastaris, 164 Va. at 649-52, 178 S.E. at 776-77 (where defendant shot victim after victim yelled "stop, you b------, I'll kill you now," the most the evidence showed was a present threat to take defendant's life, not an overt act justifying a plea of self-defense).  As this Court stated in Graham v. Commonwealth, 31 Va. App. 662, 672, 525 S.E.2d 567, 572 (2000), "[s]elf-defense . . . is a defense to an *act of violence that repels violence* directed at the defendant."  (Emphasis added).

Quite simply, Taylor was not repelling any act of violence directed toward him.  Therefore, the trial court did not commit error in refusing to grant the instructions on self-defense.  Compare Sands, 262 Va. at 730, 553 S.E.2d at 737 (where evidence proved husband beat wife over a two-year period including on the date she killed him and wife reasonably believed she was in danger of serious bodily harm or death, husband's assault on wife had ended prior to the killing and there was no evidence of any overt act indicating imminent danger by husband to justify a self-defense instruction), with Cary, 271 Va. at 101, 623 S.E.2d at 914 (where boyfriend ceased his assault on Cary and went into the bathroom, there was more

---

[5] Taylor's contention the trial court rejected his jury instructions on self-defense before he presented his evidence is wholly without merit.  The pages in the record Taylor cites to support this contention relate to the trial court's exclusion of witness testimony.  The record reflects the trial court ruled on the jury instructions after the completion of all evidence when the parties tendered their proposed jury instructions.

than a scintilla of evidence to show an overt act of imminence to justify a self-defense instruction

since boyfriend was advancing toward Cary with the intent to resume his physical attack).[6]

### B. Duress[7]

"Duress excuses criminal behavior 'where the defendant shows that the acts were the

product of threats inducing a reasonable fear of immediate death or serious bodily injury.'"

Arnold v. Commonwealth, 37 Va. App. 781, 787, 560 S.E.2d 915, 918 (2002) (quoting Graham,

31 Va. App. at 674, 525 S.E.2d at 573); see also Pancoast v. Commonwealth, 2 Va. App. 28, 33,

340 S.E.2d 833, 836 (1986). "The defendant must show that the threat, which is 'specifically

---

[6] Although Taylor argues the issue of whether he was at fault was a question for the fact-finder, that argument ignores the requirement that Taylor face an overt act threatening imminent and immediate harm to justify the granting of either self-defense instruction he offered. Nevertheless, the jury was instructed to find Taylor guilty of assault and battery if they found beyond a reasonable doubt that Taylor willfully touched Wright "without legal excuse or justification." In finding Taylor guilty of assault and battery, the jury necessarily found Taylor acted without legal excuse or justification, and was, therefore, to some degree at fault. Because we hold there was no evidence of an overt act indicating imminent harm and therefore no error in denying both proposed instructions on self-defense, we need not determine whether it was harmless error to deny the specific instruction on justifiable use of force (applicable if the jury found Taylor was without fault) in light of the jury's finding Taylor acted without legal excuse or justification. See Turman v. Commonwealth, 276 Va. 558, 567, 667 S.E.2d 767, 772 (2008). Our holding also renders it unnecessary to determine whether there was evidence Taylor retreated as far as he safely could, attempted to abandon the fight, and made known his desire for peace to justify granting the specific self-defense instruction on excusable use of force (applicable if the jury found Taylor was partly at fault).

[7] Taylor's proposed instruction on duress stated:

> If you find from the evidence that the defendant acted under duress, then you must find him not guilty. In order for the defendant to use the defense of duress, you must find from the evidence that he was threatened and that he had a reasonable fear of imminent death or serious bodily injury. The defense of duress is not available if the defendant had a reasonable opportunity to escape and did not do so or had a reasonable opportunity to avoid committing the crime without being harmed.

But "[w]here the defendant fails 'to take advantage of a reasonable opportunity to escape, or of a reasonable opportunity to avoid doing the acts without being harmed, he may not rely on duress as a defense.'" Graham, 31 Va. App. at 674-75, 525 S.E.2d at 573 (quoting Pancoast v. Commonwealth, 2 Va. App. 28, 33, 340 S.E.2d 833, 836 (1986)).

directed toward causing [him] to commit the crime charged,' was coupled with evidence that he 'reasonably believed that participation in the crime was the *only* way to avoid the threatened harm.'" Graham, 31 Va. App. at 675, 525 S.E.2d at 573 (quoting Roger D. Groot, Criminal Offenses and Defenses 181 (4th ed. 1999)). "Vague threats of future harm, however alarming, will not suffice to excuse criminal conduct [under the defense of duress]." Pancoast, 2 Va. App. at 33, 340 S.E.2d at 836.

As we previously concluded, there was no evidence Taylor was threatened with an immediate injury since his assault on Wright was preceded only by Wright's statement to Betina, apparently overheard by Taylor, to get Wright his gun because "if that [sob] comes through the gate, he's dead." Assuming Wright was even referring to Taylor, Wright's statement to Betina was still, at most, a vague threat of future harm. In addition, there is no evidence Taylor tried to escape or avoid the assault. To the contrary, the evidence overwhelmingly shows Taylor initiated the assault. As such, it was not error for the trial court to refuse Taylor's proposed instruction on duress.

### III. CONCLUSION

Finding the trial court did not err in denying Taylor's proposed jury instructions on self-defense and duress, we affirm the judgment of the trial court.

Affirmed.