UPON REHEARING EN BANC
HUFF, Chief Judge.
LaDawn Shrieves King (“appellant”) appeals her convictions for malicious wounding, in violation of Code § 18.2-51, and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1. Following a jury trial in the Circuit Court of Fairfax County (“trial court”), appellant was sentenced to a total of eight years’ incarceration in the Virginia Department of Corrections. On appeal, appellant contends that the trial court erred by failing to properly instruct the jury on the defense of accident. For the following reasons, this Court reverses appellant’s convictions and remands this matter to the trial court for a new trial, at the discretion of the Commonwealth.
I. BACKGROUND
“When reviewing a trial court’s refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction.” Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002) *584 (citing Blondel v. Hays, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991)). So viewed, the evidence is as follows.
At trial, the Commonwealth and appellant presented two different accounts of the events that transpired. Dwayne King (“King”), appellant’s husband, testified that he and appellant had been discussing divorce for a year and a half. On the evening of November 20, 2012, King was rubbing appellant’s head to provide relief for appellant’s migraine. Appellant fell asleep on King’s lap and, shortly thereafter, King went to sleep on the other couch in the living room. King next remembered “waking up to a gunshot.” At first, King did not realize he had been shot in the right forearm, but he noticed appellant “standing on the other side of the couch” with a “gun in [her] hand.” King reached for his cell phone, but it was no longer in the location he had left it. Appellant “immediately ran through the kitchen,” and King followed. Upon entering the kitchen, King seized the house phone, “locked [himself] into the bathroom on the main level,” and called 911. At the same moment, appellant ran upstairs. While King was on the phone, he heard appellant “come down the stairs” and the front door slam. Shortly thereafter, King exited the bathroom and “saw that [appellant’s] vehicle was gone.”
Appellant testified that on November 20, 2012, she and King were “[i]n over our heads in a lot of ways.”[1] Because of this, appellant decided she “didn’t want to live anymore” and was going to kill herself using her firearm. Next, appellant explained that she loaded her firearm and took King’s phone so she could leave a message for him. Afterwards, appellant went downstairs into the kitchen and sent her son a text message saying she loved him. According to appellant, she then put the phone down and saw King standing in front of her. King then reached for the firearm in appellant’s right *585 hand and attempted to pull it away. During the struggle, the firearm discharged and wounded King in the right forearm.
Unaware that King had been injured, appellant “put the gun to [her] head” and attempted suicide, however, the firearm failed to discharge. Next, appellant immediately ran up the stairs, locked herself in a bathroom, and attempted suicide again. After the firearm failed to discharge a second time, appellant grew fearful that the police would arrive and take her to a mental institution. Consequently, appellant hid the firearm in the upstairs linen closet, ran to her vehicle, and drove away. At the hospital, King was examined by Dr. Michael Pitta (“Pitta”) who indicated in medical records that King “was shot by his girlfriend accidentally in his right forearm.” Pitta did not testify at trial.
At trial, the jury was given instructions defining malicious wounding[2] and malice.[3] Instruction 6, in pertinent part, instructed, “You may infer malice from the deliberate use of a deadly weapon unless, from all the evidence, you have a reasonable doubt as to whether malice existed.” Appellant relied on an accident theory in her defense and proffered a modified model jury instruction (“Instruction L”) on accident. The instruction stated:
Where the defense is that malicious wounding was an accident, the defendant is not required to prove this fact. The burden is on the Commonwealth to prove beyond a reasonable doubt that the malicious wounding was not accidental. If after considering all the evidence you have a *586 reasonable doubt whether the malicious wounding was accidental or intentional, then you shall find the defendant not guilty.
The trial court rejected the instruction explaining, “My basis for denying L is that I think the other instructions adequately instruct the jury as to the fact that it has to be an intentional act, whether or not it is unlawful wounding, a malicious wounding or assault.”
During deliberations the jury asked, in writing, two questions. The first question was, “If a weapon were discharged during a struggle or accidentally, would this constitute a shooting -with intent to kill, as stated in element two of malicious wounding?” The second jury question was, “What is the legal definition of an unlawful wounding?” Over the objection of defense counsel the trial court responded to the jury’s questions by stating, “You must rely upon the instructions previously provided and give the words in each of the instructions their plain and ordinary meaning.”
After further deliberations the jury returned its verdict finding appellant guilty of malicious wounding and use of a firearm in the commission of a felony. Appellant appealed to this Court and, by memorandum opinion, a panel reversed and remanded. 2014 WL 5437586, 2014 Va.App. LEXIS 356 (Va. Ct.App. Oct. 28, 2014). Upon motion of the Commonwealth, rehearing en banc was granted thereby vacating the panel decision and staying the Court’s mandate.
II. STANDARD OF REVIEW
“As a general rule, the matter of granting and denying instructions ... rest[s] in the sound discretion of the trial court.” Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (citing Daniels v. Commonwealth, 275 Va. 460, 466, 657 S.E.2d 84, 87 (2008)). The trial court’s “broad discretion in giving or denying instructions requested” is reviewed for an abuse of discretion. Gaines v. Commonwealth, 39 Va.App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc). On appeal, this Court’s “ ‘sole responsibility in review *587 ing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.’ ” Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).
“ ‘A defendant is entitled to have the jury instructed only on those theories of the case that are supported by [more than a scintilla of] evidence.’ ” Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 397 (1990) (quoting Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986)). “‘The weight of the credible evidence that will amount to more than a mere scintilla ... is a matter to be resolved on a case-by-case basis’ by assessing the evidence in support of a proposition against the ‘other credible evidence that negates’ it.” Woolridge v. Commonwealth, 29 Va.App. 339, 348, 512 S.E.2d 153, 158 (1999) (quoting Brandau, v. Commonwealth, 16 Va.App. 408, 411-12, 430 S.E.2d 563, 565 (1993)). “If a proffered instruction finds any support in credible evidence,” however, “its refusal is reversible error.” McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975) (citing Taylor v. Commonwealth, 186 Va. 587, 591, 43 S.E.2d 906, 908 (1947)).
Additionally, “[w]here the conflicting evidence tends to sustain either the prosecution’s or defense’s theory of the case, the trial judge must instruct the jury as to both theories.” Foster v. Commonwealth, 13 Va.App. 380, 383, 412 S.E.2d 198, 200 (1991) (emphasis added) (citing Delacruz v. Commonwealth, 11 Va.App. 335, 338, 398 S.E.2d 103, 105 (1990)). Phrased differently, “[i]f there is evidence in the record to support the defendant’s theory of defense, the trial judge may not refuse to grant a proper, proffered instruction.” Id. (emphasis added). Consequently, “the trial court must instruct on both theories to guide a jury in their deliberations as to the law applicable to the ease, depending upon how the jury decides the facts.” Id. (citing Cooper v. Commonwealth, 2 Va.App. 497, 500, 345 S.E.2d 775, 777 (1986)). Parties are not entitled, however, to duplicative or repetitive *588 instructions covering the same principle of law. Remington v. Commonwealth, 262 Va. 333, 349, 551 S.E.2d 620, 631 (2001); see also Bagley v. Weaver, 211 Va. 779, 783, 180 S.E.2d 686, 689 (1971) (“[W]e take the opportunity to condemn the multiplication of instructions and the requesting and granting of those that are repetitious. Such action can only confuse and mislead the jury and tends to provoke error.”).
III. ANALYSIS
On appeal, appellant contends that the trial court erred by failing to properly instruct the jury on accident. Specifically, appellant contends that there was sufficient evidence in the record supporting appellant’s accident theory, the proffered instruction was a proper statement of the law, and, therefore, her proposed accident instruction should have been given.
During the en banc oral argument, the Commonwealth conceded that appellant’s accident defense was supported by more than a scintilla of the evidence. While this Court is not bound by a party’s concessions of law, Crawford v. Commonwealth, 55 Va.App. 457, 481, 686 S.E.2d 557, 569 (2009), this Court holds that more than a scintilla of the evidence, when “view[ed] ... in the light most favorable to the proponent of the instruction,” Cooper, 277 Va. at 381, 673 S.E.2d at 187, supported appellant’s proffered instruction. Appellant’s testimony indicated that she planned to commit suicide on the night of the incident, but King woke up before she could do so. According to appellant, King attempted to disarm appellant; a struggle ensued. During the struggle, King reached for appellant’s right arm, which held the firearm, the firearm accidentally discharged, and King was wounded. This testimony was corroborated by Pitta’s medical records, which indicated that King was “accidentally” shot in his right forearm. This evidence, which would support appellant’s accident theory if believed, constitutes more than a mere scintilla.
Notwithstanding, the Commonwealth contends that the instructions given at trial fully and fairly covered the principles *589 of law at issue. Specifically, the Commonwealth asserts that because the given instructions on malice required an intentional act, the jury’s verdict reflected a decision that appellant’s actions were not accidental.
The Commonwealth’s argument rests primarily on this Court’s decision in Waters v. Commonwealth, 39 Va.App. 72, 80, 569 S.E.2d 763, 767 (2002). In Waters, defendant was charged with first-degree murder after pulling up to a group of men, threatening to kill them, and then shooting the victim. Id. at 75, 569 S.E.2d at 764. At trial, defendant testified that he had only intended to scare the victim and that the shooting was accidental. Id. The trial court refused defendant’s proposed jury instruction on accidental killing that stated, “[i]f after considering all the evidence you have a reasonable doubt whether the killing was accidental or intentional, then you shall find the defendant not guilty.” Id. at 77-78, 569 S.E.2d at 765. This Court affirmed the trial court on two grounds. Id. at 78-79, 569 S.E.2d at 766. First, we found that the principle of law stated in defendant’s instruction had already been covered by previous instructions.[4] Id. Secondly, we held that the proposed instruction improperly stated the law. Specifically, this Court explained that even if the killing had been accidental, it took place during a criminal assault and, therefore, would not have absolved defendant of all offenses included in the charge. Id. at 80, 569 S.E.2d at 767. The opinion explained that “even if the killing had been an accident ... it is clear from Waters’ own testimony that the killing occurred in the course of his commission of a misdemeanor. An accidental killing committed in the course of an unlawful, nonfelonious act constitutes involuntary manslaughter.” Id. As such, the “proffered jury instruction, which required an outright acquittal if the jury had a reasonable doubt as to whether the killing was intentional, was improper under the *590 facts of this case.” Id. This Court therefore held that because the jury instruction improperly stated the law, the trial court correctly refused to grant it.[5] Id.
In contrast to this Court’s holding in Waters, the Supreme Court has held that “[w]here the evidence warrants, an accused is entitled to an instruction presenting his theory of accidental killing as a defense.” Martin v. Commonwealth, 218 Va. 4, 6, 235 S.E.2d 304, 305 (1977) (per curiam). In Martin, the defendant was charged with second-degree murder but raised accident as a defense. Id. at 4, 235 S.E.2d at 304. The defendant’s accident theory was supported by the evidence, and the defendant proposed an instruction[6] regarding accident and the burden of proof. Id. at 6, 235 S.E.2d at 305. Like Waters, the trial court rejected the instruction on the ground that other instructions adequately covered the principles of law set forth in the proposed instruction. Id. The Supreme Court reversed,[7] however, explaining that the “accused is entitled to an instruction presenting his theory [of the case].” Id. (citing Jones v. Commonwealth, 196 Va. 10, 15, 82 S.E.2d 482, 485 (1954)). The Supreme Court held that “[i]n *591 none of the instructions granted by the trial court ... was the jury told that the burden was upon the Commonwealth to prove the killing was not accidental and that the jury should acquit the defendant if it entertained a reasonable doubt whether the death was accidental or intentional.” Id. at 6-7, 235 S.E.2d at 305. The Supreme Court held that “although the jury may have rejected the theory of accidental killing by finding defendant guilty of murder, because this finding may have resulted from the mistaken belief that the burden was upon the defendant to prove the killing was accidental, the error was prejudicial.” Id. at 7, 235 S.E.2d at 305. While Martin dealt with a homicide case, entitlement to an instruction on a defendant’s theory of defense, when supported by evidence, is not restricted to homicide cases. See, e.g., Bryant v. Commonwealth, 216 Va. 390, 219 S.E.2d 669 (1975) (defendant accused of rape defending on theory of consent was entitled to an instruction that “informed the jury that if the act of intercourse was consensual then there could not be a conviction”).
In keeping with the analysis in Martin, this Court holds in the present case that appellant was entitled to her requested finding instruction on the defense of “accident,” because it was supported by more than a scintilla of the evidence and would have legally entitled her to acquittal under the circumstances if believed by the jury. Denying an instruction on a defendant’s theory of defense, if supported by more than a scintilla of the evidence, creates the risk of jury confusion and misunderstanding, especially when the jury has not otherwise been instructed that it is the Commonwealth’s burden to disprove the defendant’s theory beyond a reasonable doubt. See Martin, 218 Va. at 7, 235 S.E.2d at 305. In such circumstances, therefore, a trial court abuses its discretion by denying a finding instruction on the defense’s theory of the case.
As applied to the case at bar, the risk of juror confusion would be heightened if a jury were left to discern the legal principle of “accident” by negative inference from the finding *592 instruction covering the elements of the offense. This Court’s decision in Waters, 39 Va.App. 72, 569 S.E.2d 763, is therefore overruled to the extent that it is inconsistent with this Court’s holding herein.
“[W]hen a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty [to properly] instruct a jury about the matter.” Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991). From a review of the record, it is apparent that the principle of law covering “accident” was vital to the appellant in this case, was supported by more than a scintilla of the evidence, and was necessary for the jury’s understanding of the principles of law that were to govern their deliberations. Accordingly, appellant was entitled to have a properly stated instruction given on her theory of the case, without the need to rely solely on a negative implication arising from the Commonwealth’s proffered instructions on the law of malice. See Martin, 218 Va. at 7, 235 S.E.2d at 305 (“[Although the jury may have rejected the theory of accidental killing by finding defendant guilty of murder, because this finding may have resulted from the mistaken belief that the burden was upon the defendant to prove the killing was accidental, the error was prejudicial.”).
IV. CONCLUSION
Based on the foregoing, this Court finds that the trial court erred by failing to properly instruct the jury on accident and remands the case to the trial court for a new trial, if the Commonwealth be so advised.

Reversed and remanded.

. Appellant stated that she and King were struggling "financially, emotionally, just in terms of dealing with [their] children.” Appellant indicated she “felt like [she] was worthless, not performing up to [her] standards.”

. Instruction No. 4, in relevant part, stated:
The defendant is charged with the crime of malicious wounding. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
(1) That the defendant shot Dwayne King; and
(2) That such shooting was with intent to kill or permanently maim, disfigure or disable Dwayne King; and
(3) That the act was done with malice.

. Instruction B, in relevant part, defined malice as "that state of mind which results in the intentional doing of a wrongful act to another without legal excuse or justification____"

. Defendant's proposed jury instruction would have correctly informed the jury that the Commonwealth bore the burden of proving the killing was not an accident. Id. at 78-79, 569 S.E.2d at 766. This Court determined that other instructions sufficiently informed the jury of the Commonwealth’s burden. Id. at 79, 569 S.E.2d at 766.

. Unlike Waters, the case at bar presented no other charges or instructions against appellant that would have survived a jury's verdict based on a finding of accident. Therefore, the proposed jury instruction on accident was a correct statement of the law, unlike in Waters.

. The proposed instruction read,
Where, as in the case at bar, the defense is that the killing was an accident, the defendant is not required to prove this fact, beyond a reasonable doubt, or by a preponderance of the evidence, but the burden is upon the Commonwealth to prove beyond a reasonable doubt that said killing was not accidental; therefore, if after hearing all the evidence, you have a reasonable doubt whether said killing was accidental or that it was intentional, then you should find the defendant ... not guilty.
Id. at 6, 235 S.E.2d at 305.

. In reversing the trial court, (he Commonwealth’s argument that "the substance of the instruction was covered by other instructions given to the juiy,” was specifically rejected. The unsuccessful position of the Commonwealth had been that the defense theory was adequately covered by instructions "that the Commonwealth must prove beyond a reasonable doubt every material and necessary element of the offense charged ... [and] the defendant is presumed innocent.”