COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges O'Brien and Russell
Argued by teleconference

UNPUBLISHED

EDWARD LEROY MARSHALL, JR.

v.     Record No. 1208-16-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
JANUARY 30, 2018

FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Dirk B. Padgett (Dirk Padgett Law PLLC, on brief), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Edward Leroy Marshall, Jr. ("appellant"), appeals his conviction of second-degree

murder, in violation of Code § 18.2-32.[1] Following trial in the Circuit Court of Amherst County

("trial court"), the trial court imposed the jury's recommended sentence of life imprisonment

plus sixty-five years' incarceration. On appeal, appellant contends that the trial court erred by

refusing to provide his proffered jury instruction concerning a voluntary intoxication defense.

For the following reasons, this Court affirms appellant's conviction.

I. BACKGROUND

"When reviewing a trial court's refusal to give a proffered jury instruction, we view the

evidence in the light most favorable to the proponent of the instruction." King v.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of petit larceny, third or subsequent offense, in violation
of Code § 18.2-96; burglary, in violation of Code § 18.2-89; and aggravated malicious
wounding, in violation of Code § 18.2-51.2. These convictions are not at issue in this appeal.

Commonwealth, 64 Va. App. 580, 583, 770 S.E.2d 214, 216 (2015) (*en banc*) (quoting

Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002)).  So viewed, the

evidence is as follows.

On the night of January 21–22, 2015, appellant broke into the home of Allen Freeman and

his elderly mother, Norma Jean.  He entered the bedroom where they were asleep and struck them

repeatedly with a blunt object, killing Norma Jean and permanently injuring Allen.  Following his

arrest for the attacks, a grand jury ultimately indicted appellant with several offenses, including

first-degree murder for the killing of Norma Jean.

At trial, the Commonwealth called Shari Merrill, who had been in a romantic relationship

with appellant during January 2015, to testify regarding his actions on the night in question.  She

testified, *inter alia*, that she had observed appellant consume drugs several times during the time

they spent together that night.  At the close of all evidence, counsel for appellant proffered a jury

instruction on a voluntary intoxication defense to first-degree murder based on Merrill's testimony

about appellant's drug use.  The trial court refused the instruction because appellant had not

presented any evidence regarding the effect of the drugs on his conduct, and thus there was not

"more than a scintilla of the evidence" to support the proffered instruction.  The jury ultimately

convicted appellant of second-degree murder, a lesser-included offense of first-degree murder.  This

appeal followed.

## II.  ANALYSIS

In his sole assignment of error, appellant contends that the trial court erred in denying the

proffered voluntary intoxication instruction.  This Court, however, need not reach the merits of

appellant's argument because even if the trial court erred by refusing the instruction, such error

was harmless.

"In Virginia, non-constitutional error is harmless 'when it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (*en banc*) (quoting Code § 8.01-678). "Consequently, under Code § 8.01-678, a criminal conviction [arising in a trial that included non-constitutional error] must be reversed unless 'it plainly appears from the record and the evidence given at the trial that' the error did not affect the verdict." Id. at 1006, 407 S.E.2d at 911. "An error does not affect a verdict if a reviewing court can conclude . . . that, had the error not occurred, the verdict would have been the same." Id.

"[V]oluntary intoxication is no defense to the lesser degrees of homicide, or to any other crime." Essex v. Commonwealth, 228 Va. 273, 281-82, 322 S.E.2d 216, 220 (1984). A successful voluntary intoxication defense reduces a defendant's liability for capital murder or first-degree murder to second-degree murder. Id. In returning a guilty verdict for second-degree murder, the jury in this case effected the best result appellant could have hoped for even had the trial court given his proffered voluntary intoxication instruction. Appellant conceded this reality at oral argument, acknowledging that the verdict would have been the same if the jury had received and followed appellant's requested jury instruction. Accordingly, this Court holds that the trial court's error, if any, in denying the instruction was ultimately harmless because it did not affect the jury's verdict. For this reason, the judgment of the trial court is affirmed.

Affirmed.