**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4888**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN GREGORY MITCHELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:16-cr-00082-RAJ-LRL-1)

Submitted:  July 18, 2019                                      Decided:  July 31, 2019

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, Suzanne V. Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Megan M. Cowles, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Gregory Mitchell appeals his 15-year sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court concluded that Mitchell had three previous convictions that qualified as predicate violent felonies or serious drug offenses under the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e) (2012), thereby requiring the district court to impose a mandatory minimum sentence of 15 years. *See* 18 U.S.C. § 924(e)(1). On appeal, Mitchell contends that he is not an armed career criminal because his two convictions for unlawful wounding, in violation of Va. Code Ann. § 18.2-51 (2014), are not predicate violent felonies. Because we conclude that Virginia unlawful wounding is a violent felony under the ACCA, we affirm.

We review de novo whether a district court correctly characterized a defendant's prior conviction as a violent felony under the ACCA's force clause. *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). The ACCA defines the term "violent felony," in relevant part, as an offense that is punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" ("force clause"). 18 U.S.C. § 924(e)(2)(B)(i).

> To determine whether a state crime qualifies as a violent felony under the ACCA's force clause, we apply the categorical approach[]. Under the categorical approach, we examine whether a state crime has as an element the use, attempted use, or threatened use of physical force against the person of another, and do not consider the particular facts underlying the defendant's conviction. The Supreme Court has defined the term physical force as used in the ACCA as violent force—that is, force capable of

2

causing physical pain or injury to another person. Accordingly, if the elements of a crime can be satisfied by de minimis physical contact, the offense does not qualify categorically as a violent felony.

*United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir., *cert. denied*, 138 S. Ct. 461 (2017) (citations and internal quotation marks omitted). In determining whether a state crime is a violent felony under the force clause, we rely on the state courts' interpretation of the offense, looking to the minimum conduct required for a conviction and assessing the realistic probability of a state convicting a defendant for that conduct. *Id.*

Virginia defines both unlawful wounding and malicious wounding in a single provision of its code:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51. Unlawful wounding requires proof of a bodily injury with "the specific intent to maim, disfigure, disable or kill the victim of the attack." *Commonwealth v. Vaughn*, 557 S.E.2d 220, 222 (Va. 2002) (internal quotation marks omitted). Mitchell contends that, because § 18.2-51 includes the phrase "by any means cause . . . bodily injury," a defendant can commit unlawful wounding by means other than violent force, such as nonviolent force or omission rather than action. But Mitchell, by his own admission, does not cite any Virginia case where an unlawful wounding conviction rested on an act of nonviolent force or omission. Moreover, we conclude that, because unlawful wounding requires "the specific intent to maim, disfigure, disable or kill," it is not plausible that a conviction will rest on conduct that is incapable of fulfilling

3

that intent, unless that conduct is accompanied by an attempt or threat to do more serious bodily harm. *See United States v James*, 733 F. App'x 128 (4th Cir.), *cert. denied*, 139 S. Ct. 157 (2018) (argued but unpublished). We decline Mitchell's request to revisit our decision in *James*.

We conclude that the district court correctly determined that Virginia unlawful wounding is a violent felony under the ACCA's force clause. The district court thus properly imposed the 15-year mandatory minimum sentence required by 18 U.S.C. § 924(e)(1), and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*