COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia

**PUBLISHED**

CARLOS MATTHEW BELL

v.      Record No. 1479-15-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY GRACE O'BRIEN
AUGUST 2, 2016

FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Joseph J. Ellis, Judge

Christopher M. Reyes (Spencer, Meyer, Koch & Cornick, on brief),
for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Carlos Matthew Bell ("appellant") was convicted by a jury of three felonies: attempted

murder, in violation of Code §§ 18.2-26 and 18.2-32; aggravated malicious wounding, in violation

of Code § 18.2-51.2; and use of a firearm while attempting to commit murder or aggravated

malicious wounding, in violation of Code § 18.2-53.1. He contends that the trial court erred by not

granting his jury instruction on justifiable self-defense.

## I. BACKGROUND

In November 2013, the victim, a confirmed member of the Black Guerilla Family gang, was

working as a confidential informant for the King George County Sheriff's Department. The victim

was conducting controlled purchases of crack cocaine from various people, including appellant.

During this time, the victim sent appellant a threatening text message following a dispute. Later, on

two different occasions, appellant told the victim that he was concerned that the victim was working

with the police and had given appellant marked money when purchasing drugs from him. Appellant last sold drugs to the victim the week before January 15, 2014.

The Commonwealth presented evidence that at approximately 4:00 p.m. on January 15, 2014 the victim was speaking to Louis Pryor in a parking lot in front of his home when appellant and Demetrius Smith pulled into the lot in a white SUV. The victim concluded his conversation with Pryor and began to walk toward his home, which required him to walk behind the SUV. The victim testified that as he was approaching the SUV, appellant got out of the vehicle, called him a "bitch-ass" and fired a shot that struck the victim in the front of his body, near his abdomen. The victim fell face forward to the ground, and landed between the front and rear passenger doors of the SUV. He testified that appellant stood over him and shot him again. The bullet struck the victim in the upper left side of his back, in the shoulder blade. The victim heard appellant fire several other shots, but they did not strike him. The victim testified that he did not say anything to appellant or Smith before he was shot. Pryor also testified that he did not hear the victim say anything to appellant before the shooting. After he was shot, the victim's fiancée helped the victim into their home. The victim survived the shooting but he suffered permanent injuries.

The victim's fiancée testified that she was standing on the front porch of their home while the victim and Pryor were talking. She saw the victim walking toward the SUV and observed appellant jump out of the vehicle, call the victim a "bitch-ass," and shoot him. The fiancée testified that she did not see anything in the victim's hands when he was shot and that he did not have a gun with him when she helped him into their house after the shooting.

Appellant presented his version of the events on January 15, 2014 through his own testimony and the testimony of other nearby witnesses. Appellant explained that the victim had repeatedly threatened him in the past, both in person and by text message, and had previously brandished a gun at him. Appellant stated that on January 15, 2014, he was a passenger in Smith's

car when they arrived in the parking lot. He testified that as he was getting out of the car, he heard someone say "you think I'm playing, n****," and saw the victim approach him quickly and begin to pull a gun out of his pocket. He said that he believed that the victim was going to shoot him, so he protected himself by shooting the victim twice. Appellant denied standing over the victim and shooting him.

Smith testified for the defense. He stated that as soon as he parked the car, the victim ran toward the passenger side where appellant was sitting and said "something" to appellant. Smith stated that he heard two shots, "back-to-back," and then saw the victim at the top of the stairs to his home. Smith testified that he saw the victim throw something into his house. Smith also corroborated appellant's statement that the victim had threatened appellant in the months preceding the January 2014 incident.

Lashaunda Smith and Dietrius Roy also testified that they heard the victim threatening appellant in late fall 2013. Another witness, Tiffany Smith, testified that she heard the victim talking to Pryor just before the incident. According to Tiffany Smith, the victim told Pryor that he was "about to go hard" against appellant because appellant thought the victim was "playing with him." Lashaunda Smith, Tiffany Smith, and Dietrius Roy all testified that they saw the victim running toward the white SUV with what looked like a rifle or some other type of gun inside his jacket. Lashaunda Smith testified that after he was shot, the victim "scoot[ed himself] back to his porch" and threw the gun into his home.

On rebuttal, the Commonwealth presented evidence that Lashaunda Smith previously told Detective Joseph Patterson that she could not say whether the victim had a gun. Detective Monty Clifte testified that when he interviewed Demetrius Smith, Smith did not tell him anything about the victim having a gun or throwing something into his house after being shot.

At the conclusion of the case, the Commonwealth offered the following jury instruction on self-defense with fault:

> If you believe that the defendant was to some degree at fault in provoking or bringing on the fight, but you further believe that:
>
> (1)  he retreated as far as he safely could under the circumstances in a good faith attempt to abandon the fight; and
>
> (2)  made known his desire for peace by word or act; and
>
> (3)  he reasonably feared, under the circumstances as they appeared to him, that he was in imminent danger of being killed or that he was in imminent danger of great bodily harm; and
>
> (4)  he used no more force, under the circumstances as they appeared to him, than was reasonably necessary to protect himself from the perceived harm,
>
> then the action was in self-defense, and you shall find the defendant not guilty.

Appellant offered the following jury instruction on self-defense without fault:

> If you believe that the defendant was without fault in provoking or bringing on the situation, and you further believe that:
>
> (1)  He reasonably feared, under the circumstances as they appeared to him, that he was in imminent danger of bodily harm; and
>
> (2)  He used no more force, under the circumstances as they appeared to him, than was reasonably necessary to protect himself from the perceived harm,
>
> [t]hen he acted in self-defense, and you shall find the defendant not guilty.

The Commonwealth suggested that it would be appropriate to give both instructions to the jury, but the court disagreed. The court found that giving both instructions would confuse the jury, and it further ruled that appellant's instruction was an incorrect statement of the law. Accordingly, the court only instructed the jury on self-defense with fault, and denied appellant's instruction on self-defense without fault.

- 4 -

## II. ASSIGNMENT OF ERROR

Appellant asserts the following assignment of error:

> The Trial Court erred by denying Appellant's requested self defense without fault jury instruction holding that it would confuse the jury, was not a correct statement of the law, and in spite of Appellant presenting more than a scintilla of evidence supporting a theory of self defense including testimony from multiple witnesses that [the victim] had a gun and charged Appellant without provocation.

## III. ANALYSIS

### A. Standard of Review

"As a general rule, the matter of granting and denying [jury] instructions . . . rest[s] in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). This Court's "sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982).

While both the Commonwealth and the defense are entitled to have the jury instructed as to their theory of the case, "[j]ury instructions are properly refused if not supported by more than a scintilla of evidence." Rhodes v. Commonwealth, 41 Va. App. 195, 200, 583 S.E.2d 773, 775 (2003). "In determining whether evidence amounts to more than a scintilla, 'we must look at the evidence in the light most favorable to [appellant].'" Herbin v. Commonwealth, 28 Va. App. 173, 181, 503 S.E.2d 226, 230 (1998) (alteration in original) (quoting Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991)). If the evidence in conflict tends to support either the prosecution or the defense's theory of the case, the jury must be instructed as to both theories. Foster, 13 Va. App. at 383, 412 S.E.2d at 200.

### B. Analysis

"Self-defense is an affirmative defense . . . and in making such a plea, a 'defendant implicitly admits the killing was intentional and assumes the burden of introducing evidence of

justification or excuse that raises a reasonable doubt in the minds of the jurors.'" Commonwealth v. Cary, 271 Va. 87, 99, 623 S.E.2d 906, 912 (2006) (quoting McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978)). "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

Virginia law recognizes two forms of self-defense to criminal acts of violence: self-defense without fault ("justifiable self-defense") and self-defense with fault ("excusable self-defense"). "Justifiable homicide in self-defense occurs where a person, without any fault on his part in provoking or bringing on the difficulty, kills another under reasonable apprehension of death or great bodily harm to himself." Bailey v. Commonwealth, 200 Va. 92, 96, 104 S.E.2d 28, 31 (1958). On the other hand,

> [e]xcusable homicide in self-defense occurs where the accused, although in some fault in the first instance in provoking or bringing on the difficulty, when attacked retreats as far as possible, announces his desire for peace and kills his adversary from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm.

Id. See also Cortez-Hernandez v. Commonwealth, 58 Va. App. 66, 81, 706 S.E.2d 893, 901 (2011). Justifiable self-defense differs from excusable self-defense because it does not necessitate that a defendant retreat and make known his desire for peace, two requirements of excusable self-defense. See Smith, 17 Va. App. at 71, 435 S.E.2d at 416.

Appellant asserts that he adduced adequate evidence at trial to require the court to instruct the jury on justifiable self-defense, as well as excusable self-defense. We agree. The Commonwealth relies on the case of Commonwealth v. Vaughn, 263 Va. 31, 557 S.E.2d 220 (2002), in support of its proposition that no jury could find appellant's use of force to be reasonable, particularly because appellant shot the victim in his back. Vaughn was charged with malicious wounding, and argued that the evidence presented at trial supported a jury instruction on the

lesser-included offense of assault and battery. Id. at 33, 557 S.E.2d at 221. The uncontroverted evidence established that the victim was shot in the back. Id. at 34, 557 S.E.2d at 222. However, Vaughn testified that he never shot at the victim, but only shot at the victim's feet to "keep him back." Id. Vaughn's own testimony was the only evidence he offered in support of his request for a jury instruction on assault and battery. Id.

The Supreme Court held that the trial court did not err in refusing to instruct the jury on assault and battery because while "the jury's ability to reject evidence will support an acquittal, the ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction." Id. at 37, 557 S.E.2d at 223. The defendant's evidence did not support a finding that he shot the victim without malice; he did not acknowledge shooting the victim at all. Id. at 36, 557 S.E.2d at 223. Therefore, Vaughn's testimony alone did not amount to more than a scintilla of evidence to support an assault and battery instruction. Id.

In the present case, however, appellant presented other evidence in addition to his own testimony to support his claim of self-defense. Unlike the defendant in Vaughn, appellant does not dispute that he shot the victim twice, with the shots coming in quick succession. Demetrius Smith corroborated appellant's testimony about the victim's comment as the victim moved toward appellant. Three other witnesses stated that the victim approached the SUV quickly and was holding a gun before he was shot. Lashaunda Smith and Demetrius Smith both testified that they saw the victim throw his gun into his home after he was shot. Viewing the evidence in the light most favorable to appellant, we find that appellant produced more than a scintilla of evidence to support granting the instruction on justifiable self-defense.

The Commonwealth contends that even if the court erred in refusing to instruct the jury on justifiable self-defense, the error was harmless because no rational jury could have accepted appellant's contention of justifiable self-defense. "[N]on-constitutional error is harmless 'when it

plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (*en banc*) (quoting Code § 8.01-678).  If "the trial court's error in failing to instruct the jury could not have affected the verdict, that error is harmless."  Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996).

In this case, we cannot say that the error was harmless.  Although, as the Commonwealth notes, the jury was instructed on excusable self-defense, that form of self-defense requires the defendant to establish two additional elements for the jury to acquit him:  "(1) [that] he retreated as far as he safely could under the circumstances in a good faith attempt to abandon the fight; and (2) [that he] made known his desire for peace by word or act."  These requirements are not included in the jury instruction on justifiable self-defense.  Both the instruction offered by the Commonwealth on excusable self-defense and the instruction proffered by appellant on justifiable self-defense were accurate statements of the law.  Significant portions of the evidence were in controversy, and if the jury accepted the testimony of the defense witnesses, it could have found appellant not guilty if properly instructed on justifiable self-defense.  Accordingly, we find that the court erred in denying appellant's proposed instruction on justifiable self-defense, and the error was not harmless.

## IV.  CONCLUSION

For the foregoing reasons, the ruling of the trial court is reversed and the matter is remanded.

Reversed and remanded.