UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and Decker
Argued at Norfolk, Virginia


TYLER WENDELL MURPHY

MEMORANDUM OPINION* BY
v.        Record No. 0601-16-1                    JUDGE ROSSIE D. ALSTON, JR.
                                                  AUGUST 8, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Kimberly R. Smith, Assistant Public Defender, for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tyler Wendell Murphy (appellant) appeals his bench trial conviction of unlawful

wounding in violation of Code § 18.2-51.  Appellant argues that the trial court erred in finding

that the evidence was sufficient to convict appellant because the evidence showed that appellant

acted in self-defense.  We disagree, and affirm the decision of the trial court.

BACKGROUND

On May 23, 2015, Caleb Mallory and his girlfriend Jessica Deal were spending the day in

Virginia Beach.  Deal testified at trial that Mallory was intoxicated when they left the beach and

went to the boardwalk.  While on the boardwalk Mallory and Deal got into an argument, which

resulted in Deal hitting Mallory in the face.  Appellant approached Mallory, and stated:  "That's

not my girlfriend, because if it was, I would slap that bitch."  Mallory told appellant that if he did

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not apologize "we're going to handle it right here." At Deal's insistence, Mallory tried to leave, but appellant followed him screaming, yelling, and threatening Deal.

Appellant removed his shirt and shoes before approaching the couple and punched Mallory in the face. Mallory testified that at this point he attempted to defend himself and was knocked unconscious. After Mallory fell to the ground, Deal testified that appellant then went over and started stomping Mallory in the face, neck, and chest about "four to eight times." Deal screamed and slapped appellant in an attempt to get him away from Mallory, but appellant pushed Deal to the ground. Appellant proceeded to kick Mallory in the side of the head. Deal testified at trial that she laid on top of Mallory's head, trying to prevent appellant from kicking him. At the hospital, Mallory was treated for a severe cut to his mouth, multiple cuts to his lip, and a severe scab on the back of his head.

At trial, on November 17, 2015, Harold May, who observed the incident on the boardwalk, testified that he saw Deal hit appellant, then saw appellant hit Mallory knocking him unconscious. After that May heard appellant say: "Now -- bitch, I knocked your boyfriend out. I knocked your boyfriend out. Now what you going to do?" May then observed appellant "stomping on" Mallory's face.

After the Commonwealth's case-in-chief, appellant made a motion to strike the malicious wounding charge arguing that the Commonwealth did not prove malice on the part of appellant. The trial court denied appellant's motion stating, pointedly, that: "the continual infliction of bodily harm to a helpless or unconscious victim in and of itself would be malice, and then coupled with the other circumstances, demonstrates a totality of circumstances from which malice could be, is not required to be, but could be inferred."

Appellant rested and incorporated a renewed motion to strike into his closing statement. The trial court granted appellant's motion to strike as to the malicious wounding charge stating

that appellant "would be able to avail himself of the argument that his deliberate and cruel actions were not malicious." However, the trial court denied the motion to strike as to all lesser-included offenses. The trial court found that while the situation began as mutual combat between appellant and Mallory, toward the end appellant "kicked or stomped Mallory who was laying on the ground, putting up no defense."

At the conclusion of trial, on November 17, 2015, the trial court found appellant guilty of unlawful wounding. On March 28, 2016, the trial court entered an order, sentencing appellant to two years of incarceration, with all but nine months suspended. This appeal followed.

ANALYSIS

Appellant argues that the trial court erred in finding that the evidence was insufficient as a matter of law to support his claim of self-defense. We disagree.

"When reviewing a defendant's challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews the evidence in the light most favorable to the Commonwealth, as the prevailing party at trial, and considers all inferences fairly deducible from that evidence." Allen v. Commonwealth, 287 Va. 68, 72, 752 S.E.2d 856, 858-59 (2014). The question for this Court is, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "If there is evidence to support the conviction, the reviewing court is not permitted to substitute its own judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) (quoting Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)).

Appellant contends that he acted in self-defense, and thus, should not have been convicted of unlawful wounding. "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993). "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." Id. A trial judge's factual findings will not be disturbed on appeal unless they appear to be without evidence to support them. Id. "In making such a plea, [of self-defense] 'a[n appellant] implicitly admits the [offense] was intentional and assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of the jurors.'" Bell v. Commonwealth, 66 Va. App. 479, 486, 788 S.E.2d 272, 275 (2016) (quoting Commonwealth v. Cary, 271 Va. 87, 99, 623 S.E.2d 906, 912 (2006)).

"Virginia law recognizes two forms of self-defense to criminal acts of violence: self-defense without fault ('justifiable self-defense') and self-defense with fault ('excusable self-defense')." Id. at 487, 788 S.E.2d at 275. "Justifiable[] self-defense occurs [when] a person, without any fault on his part in provoking or bringing on the difficulty, [injures] another under reasonable apprehension of death or great bodily harm to himself." Bailey v. Commonwealth, 200 Va. 92, 96, 104 S.E.2d 28, 31 (1958). If an accused "is even slightly at fault" in creating the difficulty leading to the necessity to hurt, "the [injury] is not justifiable." Smith, 17 Va. App. at 71, 435 S.E.2d at 416 (quoting Perricllia v. Commonwealth, 229 Va. 85, 94, 326 S.E.2d 679, 685 (1985)). Any form of conduct by the accused from which the fact finder may reasonably infer that the accused contributed to the affray constitutes "fault." Id. (quoting Bell v. Commonwealth, 2 Va. App. 48, 58, 341 S.E.2d 654, 659 (1986)).

Excusable self-defense may be asserted as an affirmative defense "[o]nce the accused abandons the attack and retreats as far as he or she safely can, he or she may [use defensive

force] if there is 'a reasonably apparent necessity to preserve his [or her] own life or save himself [or herself] from great bodily harm.'" Connell v. Commonwealth, 34 Va. App. 429, 437, 542 S.E.2d 49, 53 (2001) (quoting Bailey, 200 Va. at 96, 104 S.E.2d at 31).

> [An] [e]xcusable [act of violence] in self-defense occurs where the accused, although in some fault in the first instance in provoking or bringing on the difficulty, when attacked retreats as far as possible, announces his desire for peace and [perpetrates an act of violence upon] his adversary from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm.

Bell, 66 Va. App. at 486, 788 S.E.2d at 275.

In this case, the trial court, as fact-finder, studiously determined that the initial fight between Mallory and appellant was a mutual confrontation. However, the evidence established that Deal started the second altercation by striking appellant. At that point, appellant punched Mallory, knocking him to the ground. According to several witnesses, appellant commented to Deal that he had "knocked [her] boyfriend out." He then kicked Mallory "three to four times." Appellant claims that this was all an act of self-defense because he had a great fear of bodily harm and was uncertain about whether or not the threat had ended. The learned trial judge was correct at this point to resolve appellant's claim of self-defense as excusable self-defense because if an accused "is even slightly at fault" in creating the difficulty leading to the necessity to hurt, "the [injury] is not justifiable." Smith, 17 Va. App. at 71, 435 S.E.2d at 416 (quoting Perricllia, 229 Va. at 94, 326 S.E.2d at 685). The trial court determined that appellant was at least partially at fault in creating the incident.

The trial court determined that appellant's actions, specifically kicking Mallory repeatedly, was not "a reasonably apparent necessity to . . . save [appellant] from great bodily harm." Connell, 34 Va. App. at 437, 542 S.E.2d at 53 (quoting Bailey, 200 Va. at 96, 104 S.E.2d at 31). In order for appellant to support a claim of excusable self-defense he must prove that "when attacked [he] retreat[ed] as far as possible, announce[d] his desire for peace and

[perpetrated an act of violence upon] his adversary from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm." Bell, 66 Va. App. at 486, 788 S.E.2d at 275. Appellant did not prove that in this case.

This Court cannot say that the trial court was plainly wrong or without evidence to support the analysis advanced in reaching its decision. The evidence presented at trial established that appellant knocked Mallory down, and after Mallory was on the ground appellant proceeded to kick him several times. Deal testified that she had to lay across Mallory's head to prevent further injury. Moreover, Mallory had extensive facial injuries.

Appellant argues that he was scared because Deal and Mallory were both attacking him. However, after appellant knocked Mallory to the ground he taunted Deal. May testified at trial that he heard appellant say to Deal: "Now -- bitch, I knocked your boyfriend out. I knocked your boyfriend out. Now what you going to do?" May then observed appellant stomping on Mallory's face after Mallory was already on the ground unconscious. The evidence presented supports the trial court's conclusion that appellant was not acting in self-defense when he unlawfully kicked Mallory and stomped on his face after he was already rendered defenseless.

Accordingly, appellant's conviction is affirmed.

Affirmed.