COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, AtLee and Raphael
Argued at Norfolk, Virginia


MATTHEW CHARLES BASS

v.     Record No. 0706-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
FEBRUARY 21, 2023


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Andrew M. Sacks (Stanley E. Sacks; Sacks & Sacks, P.C., on briefs),
for appellant.

Suzanne Seidel Richmond, Assistant Attorney General (Jason S.
Miyares, Attorney General; David M. Uberman, Assistant Attorney
General, on brief), for appellee.


Following a jury trial, the circuit court convicted Matthew Charles Bass of second-degree

murder.  On appeal, Bass contends that the circuit court erred by denying his motions to strike and

set aside the verdict "on the grounds that the evidence established self-defense as a matter of law."

He also argues that the evidence "at best, supported only a submissible issue as to voluntary

manslaughter and not as to second degree murder."  Finally, Bass asserts that the circuit court erred

by refusing to admit certain evidence of the victim's prior bad acts.  Finding no error, we affirm

Bass's conviction.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v. Commonwealth*,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Bass's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On the night of August 27, 2019, Dennis Berry attended a small gathering at a friend's apartment. He fell asleep during the evening and awoke to find Bass and Darrell Long arguing. Bass called Long "various names" and struck him in the chin. The two men punched each other and fell to the floor. Long rose and said, "you cut me" and "you stabbed me" before he fell to the floor by a bedroom door. Berry did not see either of the men with a weapon.

Another attendee of the party testified that Bass's girlfriend, Charlotte, was in the apartment and testified that when Bass arrived, he found Charlotte asleep in a bedroom naked and became "upset," "assumed something was going on," and threatened to "cut all your . . . fucking heads off." Long responded that "nobody's messing with that girl back there," but Bass, still angry, pushed Long onto the couch as he told Long that he was going to "fuck [him] up." Bass and Long "tussled" briefly before an attendee separated them. Moments later, Long stated, "I think he stuck me" and fell to the floor. The witness did not see either man with a knife, but did see Bass holding his hand behind his back before he left the apartment. Long suffered five stab wounds to his chest and abdomen and died as a result of a stab wound that punctured his heart.

Norfolk Police Officer Zayas encountered Bass later that day. Bass approached Officer Zayas, stated that he knew the police were looking for him, and "surrendered himself." When he searched Bass, Officer Zayas found a knife in Bass's pocket.

Bass testified that he went to the apartment next door to look for Charlotte after she went out for the night and found her "passed out" naked on the bed. Bass heard arguing in the living room and when he went to investigate, Long was "in [his] face," which Bass found threatening. Bass

admitted that he pushed Long. When Long rose, Bass saw another man at the apartment who Bass feared was going to help Long "beat [him] up." Bass then brandished the knife and warned, "If you jump on me, I'm going to hurt you." Despite Bass's warning, Long approached him and repeatedly punched him. Bass stated that he stabbed Long to defend himself.

The jury convicted Bass of second-degree murder. The circuit court denied Bass's motion to set aside the verdict and sentenced him to seventeen years' incarceration. Bass now appeals.

ANALYSIS

I. Self-Defense and Heat of Passion

Bass argues that the circuit court erred by denying his motions to strike and to set aside the verdict because "the evidence established as a matter of law that [he] acted in self-defense." We disagree.

"Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." *Hughes v. Commonwealth*, 39 Va. App. 448, 464 (2002) (quoting *Smith v. Commonwealth*, 17 Va. App. 68, 71 (1993)). "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." *Bell v. Commonwealth*, 66 Va. App. 479, 486 (2016) (quoting *Smith*, 17 Va. App. at 71). Accordingly, the jury's factual findings "regarding a claim of self-defense 'will not be disturbed on appeal unless plainly wrong or without evidence to support them.'" *Meade v. Commonwealth*, 74 Va. App. 796, 807 (2022) (quoting *Smith*, 17 Va. App. at 71).

"Virginia law recognizes two forms of self-defense to criminal acts of violence: self-defense without fault ('justifiable self-defense') and self-defense with fault ('excusable self-defense')." *Jones v. Commonwealth*, 71 Va. App. 70, 94 (2019) (quoting *Bell*, 66 Va. App. at 487). "Justifiable homicide in self-defense occurs where a person, without any fault on his

part in provoking or bringing on the difficulty, kills another under reasonable apprehension of death or great bodily harm to himself." *Id.* (quoting *Bell*, 66 Va. App. at 487). "If an accused 'is even slightly at fault' in creating the difficulty leading to the necessity to kill, 'the killing is not justifiable.'" *Id.* (quoting *Smith*, 17 Va. App. at 71). "Any form of conduct by the accused from which the fact finder may reasonably infer that the accused contributed to the affray constitutes 'fault.'" *Id.* at 94-95 (quoting *Smith*, 17 Va. App. at 71).

Excusable homicide in self-defense occurs where an accused, "although in some fault in the first instance in provoking or bringing on the difficulty, when attacked retreats as far as possible, announces his desire for peace, and kills his adversary from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm." *Id.* at 95 (emphasis omitted) (quoting *Avent v. Commonwealth*, 279 Va. 175, 200 (2010)).

Here, the evidence proved that Bass initiated the hostility. Angry at finding Charlotte naked in the bedroom, Bass confronted the men in the apartment and threatened to "cut" them. When Long tried to calm Bass, Bass pushed him onto the sofa. Long rose, and the two men briefly fought. During the brief tussle, Bass stabbed Long repeatedly in the chest and abdomen, killing him. Long was unarmed and made no threats. The jury rejected Bass's claim that he feared for his life and only stabbed Long because Long continued to advance towards him. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018). Indeed, the jury "was at liberty to . . . treat such prevarications as 'affirmative evidence of guilt.'" *Sierra v. Commonwealth*, 59 Va. App. 770, 784 (2012) (quoting *Armstead v. Commonwealth*, 56 Va. App. 569, 581 (2010)). Bass

failed to prove that he acted in self-defense.  Instead, the evidence proved that Bass was the aggressor, initiated the confrontation, and stabbed the unarmed Long without provocation.[1]

Bass also argues that "the evidence, at best, supported the submission of only voluntary manslaughter, not second-degree murder" because he "was provoked into a reaction that ultimately resulted in mutual combat" during which Bass stabbed Long as the culmination of that "mutual altercation."  He contends that he acted in the heat of passion and without malice. "Whether violence was completed in the heat of passion and due to a reasonable provocation is generally a question for the fact finder."  *Washington v. Commonwealth*, 75 Va. App. 606, 619 (2022).  Accordingly, we will not set aside the fact finder's factual determinations unless plainly wrong or without evidence to support them.

"Manslaughter is the 'unlawful killing' of another person 'without malice.'"  *Jones*, 71 Va. App. at 96 (quoting *Canipe v. Commonwealth*, 25 Va. App. 629, 642 (1997)).  "To reduce a homicide from murder to voluntary manslaughter, the killing must have been done in the heat of passion and upon reasonable provocation."  *Id.* (quoting *Canipe*, 25 Va. App. at 643).  To establish "heat of passion," "the evidence must show both 'reasonable provocation' and 'passion' occurring simultaneously."  *Id.* (quoting *Canipe*, 25 Va. App. at 643).  The lodestar which distinguishes murder from manslaughter is malice; malice is a requisite element of murder, but it is not required for manslaughter.  *Essex v. Commonwealth*, 228 Va. 273, 280 (1984).

"Whether or not an accused acted with malice is generally a question of fact and may be proved by circumstantial evidence."  *Canipe*, 25 Va. App. at 642.  "Malice . . . may be directly

---

[1] The Virginia Supreme Court recently noted in *Colas v. Tyree*, ___ Va. ___, ___ (Jan. 26, 2023), that a defendant proved self-defense as a matter of law when the plaintiff's own uncontradicted evidence established the elements of the defense.  Here, however, the Commonwealth's evidence clearly negated Bass's claim of self-defense and *Colas* is, therefore, inapplicable.

evidenced by words, or inferred from acts and conduct which necessarily result in injury." *Burkeen v. Commonwealth*, 286 Va. 255, 259 (2013) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)). Heat of passion "excludes malice when provocation reasonably produces fear [or anger] that causes one to act on impulse without conscious reflection." *Rhodes v. Commonwealth*, 41 Va. App. 195, 200 (2003) (alteration in original) (quoting *Graham v. Commonwealth*, 31 Va. App. 662, 671 (2000)). "Malice may be inferred from the 'deliberate use of a deadly weapon unless, from all the evidence, [there is] reasonable doubt as to whether malice existed.'" *Fletcher v. Commonwealth*, 72 Va. App. 493, 507 (2020) (alteration in original) (quoting *Strickler v. Commonwealth*, 241 Va. 482, 495 (1991)).

The evidence in this case amply supports the jury's conclusion that Bass acted maliciously and not in the heat of passion. The jury accepted the Commonwealth's evidence and rejected Bass's testimony. "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Rams v. Commonwealth*, 70 Va. App. 12, 26-27 (2019) (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). "Where credibility issues are resolved by the jury in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010). The fact finder "[i]s free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (*en banc*).

The Commonwealth's witnesses' testimony established that Bass, armed with a deadly weapon, threatened to stab the men in the apartment and then acted on his stated intent despite Long's attempt to defuse the confrontation. Long was unarmed and only fought with Bass after Bass initiated the affray by shoving him onto the sofa. Bass's threats, and his actions consistent

with those threats, proved that he acted with malice. Accordingly, we find no error with the circuit court's denial of Bass's motions to strike and to set aside the jury's verdict.

## II.

Bass contends that the circuit court abused its discretion by excluding evidence of Long's "prior bad acts of belligerence and aggression in the form of a 1990 malicious wounding conviction as relevant to the issue of self-defense." The circuit court allowed Bass to introduce Long's 2009 conviction for unlawful wounding and his 2014 convictions for assault and public drunkenness, but the court held that "the 1990 conviction was too remote."

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App 461, 465 (2006)). "A court has abused its discretion if its decision was affected by an error of law or was one with which no reasonable jurist could agree." *Tomlin v. Commonwealth*, 74 Va. App. 392, 409 (2022).

"[W]here an accused adduces evidence that he acted in self-defense, evidence of specific acts is admissible to show the character of the decedent for turbulence and violence, even if the accused is unaware of such character." *Carter v. Commonwealth*, 293 Va. 537, 546 (2017) (alteration in original) (quoting *Barnes v. Commonwealth*, 214 Va. 24, 25 (1973)). Indeed, Virginia Rule of Evidence 2:404(a)(2) provides that "evidence of a pertinent character trait or acts of violence by the victim of the crime offered by an accused who has adduced evidence of self-defense" is admissible. "Evidence pertaining to the victim's prior acts of violence, however, must be 'sufficiently connected in time and circumstances . . . as to be likely to characterize the victim's conduct toward the defendant.'" *Anderson v. Commonwealth*, 69 Va. App. 396, 402 (2018) (alteration in original) (quoting *Carter*, 293 Va. at 546-47). "[T]he test is whether the

evidence of prior character is so distant in time as to be void of real probative value in showing present character." *Id.* (alteration in original) (quoting *Carter*, 293 Va. at 547).

We find no basis to disturb the circuit court's finding that evidence of the 1990 malicious wounding conviction was insufficiently connected in time and circumstances to characterize Long's conduct toward Bass nearly thirty years later. Further, the contested evidence was merely cumulative of the other trial evidence; the circuit court admitted three other conviction orders pertaining to Long's prior violent acts, including a 2009 conviction for unlawful wounding and 2014 convictions for assault and public drunkenness. A circuit court does not abuse its discretion by limiting a victim's charges and convictions entered into evidence to only those charges and convictions that are relevant to a defendant's self-defense claim. *See id.* at 405. Therefore, we find no abuse of discretion in the circuit court's ruling.

## CONCLUSION

For the foregoing reasons, there was evidence in the record to support the jury's conclusion that Bass did not act in either self-defense or in the heat of passion. Additionally, we find no abuse of discretion with the circuit court's refusal to admit the 1990 conviction. Accordingly, we affirm the judgment.

*Affirmed.*