COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Malveaux and Chaney
Argued by videoconference


WILLIAM RHETT VIAR BROWN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0191-23-3                        JUDGE GLEN A. HUFF
                                                      FEBRUARY 27, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

Gary L. Straw (Straw Law Firm, PLLC, on brief), for appellant.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General; Rebecca M. Garcia, Assistant Attorney General,
on brief), for appellee.


        Following a bench trial, the City of Lynchburg Circuit Court (the "trial court") convicted

William Rhett Viar Brown ("appellant") of malicious wounding, in violation of Code § 18.2-51.

Appellant contends that the evidence is insufficient to support his conviction and that the trial court

erred by rejecting his claim of excusable self-defense.  Finding no error, this Court affirms the trial

court's judgment.

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

On March 14, 2020, Steven Foster and Greg Hofmann attended a St. Patrick's Day celebration at The Water Dog bar in Lynchburg. As Hofmann and Foster were waiting to pay their bill and leave, appellant approached, tapped Foster on the shoulder, and whispered in his ear, "[w]hat's your obsession with my girl?" Foster did not know appellant or who he was referring to. Within seconds, appellant punched Foster "square in the nose," causing him to fall backwards. Foster threw his drink at appellant "in retaliation," and Hofmann pushed Foster away while another patron tried to restrain appellant as he repeatedly punched Foster in the face. As a result of appellant's attack, Foster suffered a broken jaw and nose, and required a dental implant and three surgeries to repair his injuries. Appellant was not injured in the fight.

At trial, the Commonwealth introduced the bar's surveillance video into evidence. The video shows appellant approach Foster and speak in his right ear before punching him, causing Foster to fall to the ground. Another patron is seen trying to lead a resistant appellant away from Foster. Foster rose and threw his drink at appellant, after which appellant continued punching Foster in the face until patrons separated them.

Appellant testified in his own defense that, after Foster threw the beer bottle at him, his subsequent actions were made in self-defense. Appellant claimed that when he confronted Foster about Foster's having approached his girlfriend, Foster stated, "I'll fuck you up." Appellant admitted that he hit Foster in the face and knocked him to the ground, but claimed that when Foster

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *See Gerald*, 295 Va. at 473.

rose, he "was charging" at appellant and he tried to back away. He also acknowledged that he was uninjured after the incident and that he repeatedly struck Foster in the face.

The trial court found appellant's testimony incredible after reviewing the surveillance video multiple times, stating that it would have to "ignore what [it] saw in the video" and "set aside [its] common sense" to believe appellant's version of the events. The trial court found that appellant approached Foster to "sucker-punch" him and had not "retreated [such] that you were then acting in self-defense." The trial court convicted appellant of malicious wounding.

This appeal followed.

ANALYSIS

Appellant challenges the sufficiency of the evidence to sustain his malicious wounding conviction. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"To be convicted of malicious wounding, the Commonwealth must prove that the defendant maliciously stabbed, cut, or wounded 'any person or by any means cause[d] him bodily injury, with the intent to maim, disfigure, disable, or kill.'" *Ramos v. Commonwealth*, 71 Va. App. 150, 162 (2019) (alteration in original) (quoting *Burkeen v. Commonwealth*, 286 Va.

- 3 -

255, 259 (2013)).  Malice is an element of the offense.  *Id.*  Malice is defined as "the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will." *Watson-Scott v. Commonwealth*, 298 Va. 251, 255-56 (2019) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)).  "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed a purposeful and cruel act without any or without great provocation." *Synan v. Commonwealth*, 67 Va. App. 173, 187 (2017) (quoting *Robertson v. Commonwealth*, 31 Va. App. 814, 823 (2000)).  Malice is a question of fact and may be "directly evidenced by words" or implied by conduct.  *Id.* at 187-88 (quoting *Robertson*, 31 Va. App. at 823).  "Implied malice may be inferred from 'conduct likely to cause death or great bodily harm, willfully or purposefully undertaken.'"  *Canipe v. Commonwealth*, 25 Va. App. 629, 642 (1997) (quoting *Essex v. Commonwealth*, 228 Va. 273, 281 (1984)).

"Under ordinary circumstances an intent to maim may not be presumed from a blow with a bare fist.  But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed." *Burkeen*, 286 Va. at 259 (quoting *Fletcher v. Commonwealth*, 209 Va. 636, 640 (1969)).  Nevertheless, "repeated" blows with fists "applied to vital and delicate parts of the body of a defenseless, unresisting [person], on the ground" may support a finding of malice.  *Roark v. Commonwealth*, 182 Va. 244, 250 (1944) (quoting *M'Whirt's Case*, 44 Va. (3 Gratt.) 594, 611 (1846)).

Here, after having watched the surveillance video several times and weighing the evidence, the trial court credited Foster's account of the attack and rejected appellant's version of events.  "Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], wh[o] has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original)

- 4 -

(quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "Where credibility issues are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018). The record supports the trial court's conclusion that appellant acted maliciously and with the requisite intent.

Appellant also asserts that the trial court erred by rejecting his claim that he acted in self-defense. "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." *Hughes v. Commonwealth*, 39 Va. App. 448, 464 (2002) (quoting *Smith v. Commonwealth*, 17 Va. App. 68, 71 (1993)). "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." *Bell v. Commonwealth*, 66 Va. App. 479, 486 (2016) (quoting *Smith*, 17 Va. App. at 71). The fact finder must determine whether the appellant acted in reasonable apprehension of bodily harm. *See, e.g.*, *Diffendal v. Commonwealth*, 8 Va. App. 417, 421 (1989) (explaining that a person "is privileged to use reasonable force" when he or she "reasonably apprehends bodily harm by another" and "exercise[s] reasonable force to repel the assault"). This defense also requires a finding that the force that the appellant used was reasonable in relation to the threatened harm. *See Caison v. Commonwealth*, 52 Va. App. 423, 440 (2008).

"Virginia law recognizes two forms of self-defense to criminal acts of violence: self-defense without fault ('justifiable self-defense') and self-defense with fault ('excusable self-defense')." *Jones v. Commonwealth*, 71 Va. App. 70, 94 (2019) (quoting *Bell*, 66 Va. App. at 487). "Any form of conduct by the accused from which the fact finder may reasonably infer

that the accused contributed to the affray constitutes 'fault.'" *Id.* at 94-95 (quoting *Smith*, 17 Va. App at 71). Excusable self-defense occurs where an accused, "although in some fault in the first instance in provoking or bringing on the difficulty, when attacked retreats as far as possible, announces his desire for peace, and [injures] his adversary from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm." *Avent v. Commonwealth*, 279 Va. 175, 200 (2010).

Here, the evidence proved that appellant initiated the hostility. Angered by the belief that Foster had acted inappropriately towards his girlfriend, appellant approached and punched Foster in the face without warning, knocking him to the ground. Although Foster threw a bottle at appellant, appellant did not retreat from the affray; instead, he had to be restrained. Appellant then continued the attack, brutally punching Foster in the face numerous times, breaking Foster's nose and jaw, and injuring his teeth.[2] Because appellant initiated the attack, failed to retreat, and used excessive force against Foster, this Court finds no error in the trial court's rejection of appellant's self-defense claim.

In sum, this Court finds the evidence sufficient to support appellant's conviction for malicious wounding.

---

[2] Appellant attempts to characterize this sequence of events as "two altercations," the first consisting of appellant approaching and punching Foster to the ground and the second beginning when Foster rose from the ground and threw his beer bottle at appellant. In appellant's view the "second altercation was unprovoked by [appellant] as the first altercation was clearly over" and, therefore, his actions "were reasonable and necessary to protect his own life." The trial court explicitly found that appellant had not retreated to have been acting in self-defense. Because the record reflects that appellant was restrained by bar patrons and the trial court explicitly found that appellant had not retreated, appellant's "two altercations" theory is unpersuasive.

CONCLUSION

For the foregoing reasons, this Court concludes that the trial court did not err in convicting appellant of malicious wounding. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*