COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges O'Brien and Causey
Argued at Lexington, Virginia


SCOTT EDWARD COOLEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1243-23-3                       JUDGE MARY GRACE O'BRIEN
                                                        OCTOBER 1, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

William Edward Cooley for appellant.

Sheri H. Kelly, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the circuit court convicted Scott Edward Cooley (appellant) of

assault and battery, in violation of Code § 18.2-57.  On appeal, appellant asserts that the court

erred in finding that he had not acted in justifiable or excusable self-defense.  For the following

reasons, we affirm the conviction.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

UNPUBLISHED

BACKGROUND[1]

On December 2, 2022, Tracy Short, her boyfriend Timothy Cundiff, Cundiff's son, and the son's girlfriend[2] parked their vehicles in a garage in downtown Roanoke. Later, as the group was leaving the garage in multiple vehicles, the girlfriend drove into a parked car. After the collision, Short and Cundiff instructed the girlfriend to move her car into a parking space to allow other vehicles to exit the garage.

Appellant and Patrick Tolley witnessed the collision while they were sitting in Tolley's parked truck in the garage. Appellant—who was intoxicated—exited the truck, photographed the girlfriend's car, and accused her of "trying to run." Short disputed that characterization, and she and appellant began arguing loudly. Appellant yelled derogatory remarks toward Short, Cundiff's son, and the girlfriend. Short "scream[ed]" at appellant and "call[ed] him names back."

While Short and appellant argued, Cundiff called the police to report the collision. Tolley told appellant to get back in the truck; he did so but subsequently reemerged holding a beer can. He shook the can, sprayed beer on Short, and then threw the can at her. The can struck Short in the chin, leaving a bruise. Appellant then "took off running." Cundiff chased appellant, wrestled him to the ground, and tried to hold him there until police arrived.

The Commonwealth charged appellant with assault and battery. At trial, appellant argued that he acted in self-defense after Short escalated the conflict. Short acknowledged on cross-examination that, after appellant exited the truck the second time, she "continued to badger

---

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). We thus "discard the evidence of the accused in conflict with that of the Commonwealth" and "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] The record does not reflect the names of Cundiff's son or the girlfriend, who were both teenagers at the time.

and yell at him." However, she denied that she followed him out of the garage on foot before he threw the beer can at her. Cundiff testified that he saw appellant walk out of the garage after exiting the truck the second time, but that appellant reentered and threw the beer at Short. He also indicated on cross-examination that he saw Short "following [appellant] out of the garage" before "he threw a beer at her."

At the close of the Commonwealth's case, appellant moved to strike the evidence, arguing that Short's and Cundiff's accounts were "incompatible." The court denied the motion. Appellant then called Tolley to testify, who described a contentious interaction between the parties but admitted that Short "never ma[de] any threats" to appellant.

Appellant testified in his own defense. He stated that after he saw the collision, he got out of Tolley's truck to take a picture of the girlfriend's license plate. He claimed that she then drove 50 to 60 feet down the garage ramp, stopped in front of the truck, and "very aggressively" asked him, "[W]hat are you doing?" Appellant told her he was going to report the collision, and the situation "[e]scalated." The girlfriend "started yelling at" him, and he explained that he "wasn't filming" but "was just taking a photo." Appellant testified that he began using "ugly words" in response to insults from Cundiff's son. Additionally, appellant acknowledged "directing the insults to [Short]" after she asserted that "it was against the law to insult a minor." According to appellant, Short also insulted him and got "pretty close into [his] face," as did the girlfriend.

Appellant claimed he "sought safety" in Tolley's truck, but Tolley asked him to leave after Cundiff called the police.[3] According to appellant, he got out of the truck and left the garage through the pedestrian exit but then saw Short "hustling toward[] [him] with something in

---

[3] Tolley testified that he told appellant to leave the truck because, after police were called, Tolley was concerned about appellant possessing alcohol in his work vehicle.

her hand." He described Short as "very aggressive" and stated that he "just wanted her to stop," so he "made a split[-]second decision" and "threw the beer can" at her. Appellant testified that "[i]t worked" and "[s]he stopped dead in her tracks." Cundiff then chased and tackled him. Appellant acknowledged at trial that he could not see the object in Short's hand but stated that he "wasn't going to wait to get hurt."

In his closing argument, appellant asserted that Short's testimony was inconsistent with that of the other witnesses. He argued that the situation had escalated and that "[t]his would not have happened" had Short not "pursue[d] [him] out of the garage." Thus, he contended, "it was reasonable under the circumstances" and "self-defense at the very least" to throw the beer can at her.

The Commonwealth responded that appellant "had no reason to throw" the beer can at Short and emphasized that he "shook [it] up" first. The Commonwealth argued that if appellant "had a safety concern, he should have kept walking." The court convicted appellant of assault and battery, and this appeal followed.

## ANALYSIS

Appellant argues the court erred in convicting him of assault and battery because it should have found sufficient evidence that he acted in self-defense.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have

- 4 -

found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Code § 18.2-57 punishes assault and battery as a Class 1 misdemeanor. "A battery is the 'willful or unlawful touching of the person of another by the assailant, or by some object set in motion by him.'" *Woodson v. Commonwealth*, 74 Va. App. 685, 693 (2022) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). "An intentional touching qualifies as a battery unless the actor has some legal justification or excuse. The presence of a justification or excuse transforms what would otherwise be a criminal offense into a permissible act. Common justifications for battery include consent and self-defense." *Id.* at 694.

Only a person who "reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault." *Diffendal v. Commonwealth*, 8 Va. App. 417, 421 (1989). A defendant bears the burden of establishing the affirmative defense of self-defense. *See Washington v. Commonwealth*, 75 Va. App. 606, 617 (2022). "To meet this burden, the defendant at trial must 'prove[] circumstances' of self-defense sufficient to 'create a reasonable doubt' of his guilt." *Id.* (alteration in original) (quoting *Smith v. Commonwealth*, 17 Va. App. 68, 71 (1993)). "Whether the evidence raises such a reasonable doubt is a question of fact that will not be disturbed on appeal unless plainly wrong or unsupported by the evidence." *Utz v. Commonwealth*, 28 Va. App. 411, 415 (1998); *see Washington*, 75 Va. App. at 617. To establish self-defense, a defendant "must show that he . . . 'reasonably believed that [he] was in danger of

serious bodily harm.'" *Washington*, 75 Va. App. at 617 (alternations in original) (quoting *Jones v. Commonwealth*, 71 Va. App. 70, 86 (2019)).

Virginia law recognizes two forms of self-defense: "'self-defense without fault,' referred to as justifiable self-defense, and 'self-defense with fault,' known as excusable self-defense." *Id.* (quoting *Bell v. Commonwealth*, 66 Va. App. 479, 487 (2016)). Justifiable self-defense "occurs when the accused is '*without any fault on his part in provoking or bringing on the difficulty*.'" *Id.* (quoting *Avent v. Commonwealth*, 279 Va. 175, 199 (2010)). By contrast, excusable self-defense "occurs when the accused is at 'some fault in the first instance in provoking or bringing on the difficulty' but, when attacked, he 'retreats as far as possible, announces his desire for peace,' and acts 'from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm.'" *Id.* (quoting *Bell*, 66 Va. App. at 487); *see also Bailey v. Commonwealth*, 200 Va. 92, 96 (1958) (recognizing excusable self-defense where a defendant, although at some fault in the first instance, "when attacked retreats as far as possible, announces his desire for peace," and acts "from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm"). Both types of self-defense constitute a complete defense. *See Jones*, 71 Va. App. at 94.

Appellant contests neither that he threw a beer can at Short, nor that this action constituted a battery. *See Woodson*, 74 Va. App. at 693. Rather, he contends that when he attempted to "retreat from the situation by leaving the garage," Short "followed [him]" and "gain[ed] ground on him." He "threw a beer on [Short] to stop her pursuit of him especially after he observed something in her hand." Thus, he argues, "he provided evidence of being rightfully fearful for his safety as he left the parking garage."

We disagree. To the extent that there is a conflict in the evidence regarding whether and to what extent Short "pursued" appellant on foot before he threw the beer can, we must view the

evidence in the light most favorable to the Commonwealth. *See Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022). But under any version of the facts presented at trial, appellant did not conclusively establish that he threw a beer at Short because he reasonably believed he was in danger of bodily harm. Throughout the encounter, he and Short both were extremely angry and traded insults. Despite the heated nature of the encounter, nobody—including Short—made any threats of bodily harm.

Moreover, even if a factfinder concluded that Short followed appellant out of the garage, that determination would not compel a finding that appellant reasonably feared for his safety. Although appellant claimed he saw an object in Short's hand, he did not know whether it was a weapon. Considering appellant's behavior throughout the encounter—along with his intoxication— a factfinder could determine that he threw the beer out of anger, not reasonable fear of bodily harm.

Based on our review of the record, we find no evidence that appellant reasonably feared bodily injury and acted to repel such a threat. Thus, appellant failed to prove circumstances of self-defense sufficient to create a reasonable doubt of his guilt. *See Washington*, 75 Va. App. at 617. The court's rejection of appellant's self-defense claim was not plainly wrong or without evidentiary support, *see Utz*, 28 Va. App. at 415, and the court properly convicted him of assault and battery.

## CONCLUSION

Accordingly, we affirm appellant's assault and battery conviction under Code § 18.2-57.

*Affirmed.*