COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Ortiz and Senior Judge Humphreys
Argued at Lexington, Virginia


SAVANNAH ELIZABETH FISHER
                                                      MEMORANDUM OPINION* BY
v.        Record No. 2144-23-3                        JUDGE DANIEL E. ORTIZ
                                                      SEPTEMBER 17, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Christopher B. Russell, Judge

Eric Weathers, Assistant Public Defender (Kelsey Bulger, Deputy
Appellate Counsel; Virginia Indigent Defense Commission, on
briefs), for appellant.

Allison Mentch, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial, the trial court convicted Savannah Elizabeth Fisher for possessing a

Schedule I or II controlled substance and sentenced her to four years of imprisonment with three

years and one month suspended.  Fisher argues that the trial court erred in rejecting her proposed

jury instruction, denying her motion to strike the evidence, and denying her motion to suppress the

evidence.  We find no trial court error and affirm the judgment.

BACKGROUND

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.

Hudson*, 265 Va. 505, 514 (2003)).  That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

Late in the evening of June 20, 2022, Deputy Joe Sorrells and Deputy Daniel Trout of the Rockbridge County Sheriff's Office were dispatched to the parking lot of a Quality Inn. The front desk clerk at the hotel reported that a female who was not a registered guest was inside a blue Suburban parked in the lot and that she had been there for the past few nights.

When the officers arrived, they found Fisher in the back seat of the Surburban. Fisher got out of the car and told the officers that she was waiting to meet her husband. Sorrells advised Fisher that she could not drive the Suburban on the highway because it had "farm use" tags on it. He then went inside the hotel to speak to the desk clerk.

Deputy Chris Wade, who had arrived on the scene with his drug-detecting canine, asked Fisher if she "had a Fourth Amendment waiver"; she responded that she did not know. Wade then asked if there was anything in Fisher's vehicle that his trained police dog could detect. Fisher responded affirmatively that there was a glass smoking device—also known as a "bubble"—in the center console of the car. Wade told Trout that a glass smoking device was in the car in the center console. Trout searched the vehicle and found a glass smoking device wrapped in a washcloth in the cup holder of the center console. The device tested positive for methamphetamine in a field test. Laboratory testing confirmed that the seized smoking device contained methamphetamine residue.

## ANALYSIS

### I. Jury Instruction

Fisher first asserts that the trial court erred in denying her proposed jury instruction. At trial, Fisher proffered jury Instruction K.1:

Ms. Fisher is charged with the crime of possessing methamphetamine which is a Schedule II controlled substance. The Commonwealth must prove beyond a reasonable doubt that Ms. Fisher knowingly and intentionally possessed methamphetamine.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt the crime as charged, then you shall find Ms. Fisher guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt that Ms. Fisher knowingly and intentionally possessed methamphetamine, then you shall find Ms. Fisher not guilty.

The trial court refused Instruction K.1, but granted Instruction 9, which stated:

The Defendant, Savannah Elizabeth Fisher, is charged with crime of possession of methamphetamine which is a Schedule II controlled substance.

The Commonwealth must prove beyond a reasonable doubt that the Defendant, Savannah Elizabeth Fisher, knowingly and intentionally possessed methamphetamine.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt the crime as charged, then you shall find the Defendant Savannah Elizabeth Fisher guilty.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the Defendant Savannah Elizabeth Fisher possessed methamphetamine, then you shall find the Defendant Savannah Elizabeth Fisher not guilty.

In addition, the trial court gave Instruction 10, which defined the terms "knowingly and intentionally" and possession. Instruction 1 also noted that the "presumption of innocence remains with the defendant, Savannah Elizabeth Fisher, throughout the trial and is enough to require you to find the defendant Savannah Elizabeth Fisher not guilty unless and until the Commonwealth proves each and every element of the crime beyond a reasonable doubt."

Fisher argues that the instructions granted by the trial court misstated the law and that the trial court erred in refusing Instruction K.1. She contends that the final paragraph of Instruction 9 "omitted the mens rea element required for a conviction" for possessing drugs, leaving the jury instructions unclear as to the jury's obligation to acquit Fisher if the Commonwealth proved only possession but not Fisher's mental state.

"As a general rule, the matter of granting and denying instructions . . . rest[s] in the sound discretion of the trial court." *Dandridge v. Commonwealth*, 72 Va. App. 669, 679 (2021) (alterations in original) (quoting *Lienau v. Commonwealth*, 69 Va. App. 254, 264 (2018)). "The trial court's 'broad discretion in giving or denying instructions requested' is reviewed for an abuse of discretion." *Id.* (quoting *King v. Commonwealth*, 64 Va. App. 580, 586 (2015) (en banc)). "Our sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." *Pena Pinedo v. Commonwealth*, 300 Va. 116, 121 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 277 Va. 377, 381 (2009)). But "[p]arties are not entitled . . . to duplicative or repetitive instructions covering the same principle of law." *King*, 64 Va. App. at 587-88.

Considered as a whole, the granted instructions told the jury that if the Commonwealth failed to prove beyond a reasonable doubt that Fisher knowingly and intentionally possessed methamphetamine, it should find her not guilty. Paragraph two of Instruction 9 listed "knowingly and intentionally" as an essential element of the offense, and that element was further defined by Instruction 10. While the instructions did not expressly note the jury's duty to acquit if it failed to find this element, Instruction 1 required the jury to find Fisher not guilty if the Commonwealth failed to prove every element—including, implicitly, the mens rea. Thus, the granted instructions requiring that possession be knowing and intentional were duplicative of the statement in proposed Instruction K.1 concerning Fisher's intent. Considering the other

- 4 -

granted instructions, we cannot say that the trial court abused its discretion in denying Instruction K.1.

## II. Sufficiency of the Evidence

Contending that her possession of methamphetamine was not knowing and intentional, Fisher challenges the sufficiency of the evidence to sustain her conviction. "In determining whether the evidence was sufficient to support a criminal conviction, the appellate court views the facts in the 'light most favorable' to the Commonwealth." *Green v. Commonwealth*, 72 Va. App. 193, 200 (2020) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). "Under the governing standard, 'we review factfinding with the highest degree of appellate deference.'" *Commonwealth v. Barney*, 302 Va. 84, 96 (2023) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015)). Accordingly, "[i]n conducting [its] review, the Court defers to the [jury's] findings of fact unless they are plainly wrong or without evidence to support them." *Brewer v. Commonwealth*, 71 Va. App. 585, 591 (2020). "This deference is owed to both the [jury's] assessment of the credibility of the witnesses and the inferences to be drawn 'from basic facts to ultimate facts.'" *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (quoting *Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015)). Our deferential standard of review also "'requires us to "discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn"' from that evidence." *Green*, 72 Va. App. at 200 (alteration in original) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)).

"If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "In the end, the appellate court 'ask[s]

whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."" *Eberhardt*, 74 Va. App. at 31 (alteration in original) (quoting *Davis*, 65 Va. App. at 500).

"In interpreting the Commonwealth's basic statutes proscribing possession of drugs, . . . the applicable legal principles are clear:  Possession may be actual or constructive." *Wright v. Commonwealth*, 53 Va. App. 266, 273 (2009); *see also Smallwood v. Commonwealth*, 278 Va. 625, 629-30 (2009).  "Establishing constructive possession requires proof 'that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" *Watts v. Commonwealth*, 57 Va. App. 217, 232-33 (2010) (alteration in original) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476 (1984)).

> To support a conviction based upon constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the contraband and that the contraband was subject to his dominion and control.

*Commonwealth v. Garrick*, 303 Va. 176, 183 (2024).  "Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal [items] of any duration," regardless of who owns the items.  *Wells v. Commonwealth*, 32 Va. App. 775, 781 (2000).

After arriving on the scene with his trained drug dog, Deputy Wade asked Fisher if there was anything in her vehicle that the canine would detect.  Fisher responded that there was a glass smoking device in the center console of the car.  Deputy Trout searched the Suburban and found a glass smoking device in the exact location that Fisher had indicated.  The bubble contained sufficient methamphetamine to test positive in both field and laboratory tests.  Given her proximity to the bubble and her knowledge of its location, a reasonable fact finder could conclude beyond a reasonable doubt that Fisher was aware of the presence of the

- 6 -

methamphetamine, although merely residue, in the device. Accordingly, the trial court did not err in denying Fisher's motion to strike, as the Commonwealth presented sufficient evidence that Fisher knowingly and intentionally possessed the methamphetamine residue found in the device.

### III. Motion to Suppress

Finally, Fisher argues that the trial court erred in denying her motion to suppress the evidence recovered by the police in the warrantless search of the car. "[I]n considering a trial court's ruling on a suppression motion, we view the evidence in the 'light most favorable to . . . the prevailing party below,' the Commonwealth in this instance, and the decision of the trial judge will be disturbed only if plainly wrong." *Greene v. Commonwealth*, 17 Va. App. 606, 608 (1994) (second alteration in original) (quoting *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991)). "Our review of the record includes evidence adduced at both the trial and the suppression hearing." *Id.* We review the trial court's legal determinations de novo. *Jones v. Commonwealth*, 279 Va. 665, 670 (2010).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "This fundamental right is preserved by a requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer." *California v. Carney*, 471 U.S. 386, 390 (1985). "Under the Fourth Amendment, officers cannot search a place without a warrant unless one of several delineated exceptions to this warrant requirement apply." *Duncan v. Commonwealth*, 55 Va. App. 175, 179 (2009). Thus "[a] warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement." *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999).

Courts colloquially refer to one such exception as the "automobile exception." Analysis of the automobile exception revolves around two questions. First, is the search location a

"vehicle"?  If yes, did the officers have probable cause for the search?  *See Carney*, 471 U.S. at 392 (When it comes to automobiles, "the pervasive schemes of regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of the magistrate so long as the overriding standard of probable cause is met.").

Whether a search location is a "vehicle" for Fourth Amendment purposes depends on two factors.  First, vehicles are "readily mobile," such that they may "be quickly moved out of the locality or jurisdiction in which the warrant must be sought."  *Id.* at 390 (emphasis omitted) (quoting *Carroll v. United States*, 267 U.S. 132, 153 (1925)).  Second, something is a vehicle if it is "subjected to pervasive and continuing governmental regulation and controls" as it operates on and about public highways, and thus faces a lesser expectation of privacy.  *Id.* at 392 (quoting *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976)).  Simply put, the application of the automobile exception does not turn on the "uses to which [the] vehicle may be put" but on "the ready mobility of the vehicle, and on the presence of the vehicle in a setting that objectively indicates that the vehicle is being used for transportation."  *Id.* at 394 (evaluating whether a mobile home qualified as a vehicle for the automobile exception).

If the target of the search is a vehicle under these two broad purposes, it does not matter whether the vehicle is immobilized, *United States v. Johns*, 469 U.S. 478, 484 (1985), or whether the vehicle is already under police control, *Michigan v. Thomas*, 458 U.S. 259, 260-61 (1982) (per curiam); *see also United States v. Kelly*, 592 F.3d 586, 591 (4th Cir. 2010).  The Commonwealth need not prove exigent circumstances to search a vehicle without a warrant.  *Johns*, 469 U.S. at 484.  If the location being searched qualifies as a vehicle, the Commonwealth need only prove probable cause.  *Id.*; *Carney*, 471 U.S. at 392-94.

Here, Fisher does not dispute that the officers had probable cause—only that she was in a vehicle subject to the automobile exception. She maintains that her car was not readily mobile because it was equipped only with "farm use" tags and could not lawfully operate on a highway.[1] But the fact that the car lacked proper licensing to be driven on the highway does not undermine the purposes of the automobile exception such that we should consider it to be different from any other "vehicle." Nothing in evidence suggested that the car was not operable or was not actually a car which could evade police, nor that the car was not subject to regulations as a vehicle used in transportation. The car's license plate tags do not transmute the Suburban—a vehicle by any definition—into something different.

Because the officers could properly search Fisher's vehicle under the automobile exception, the trial court did not err in denying Fisher's motion to suppress the evidence.

CONCLUSION

Because the trial court did not err in denying Fisher's proposed jury instruction, denying her motion to strike, or denying her motion to suppress, we affirm the trial court's judgment.

*Affirmed.*

---

[1] Fisher also contends that her vehicle was not "readily mobile" because the police surrounded it with their own cars. Fisher did not raise this claim in the trial court as a basis for the court to grant her motion to suppress. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity . . . ." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Fisher waived this aspect of her argument by not raising it in the trial court, and we do not consider it.